Ruffin, C. J.
 

 The defendant was charged, as the father of a bastard child of Polly Payne. The warrant does
 
 not
 
 state, whether she was a single or married woman, but in her examination she swore, that she had been delivered of a bastard child, and that the defendant was the father of the child, and further, that, at the time the child was begotten, she was a single woman, but that she has since married one Robert Payne — without stating whether the child was born before or after her marriage. Two Justices upon the examination of the woman bound the defendant to the County Court, and there he moved to quash the warrant and orders thereon, upon the ground, that the child was not a bastard, but was born in wedlock
 
 *503
 
 and legitimate. . In support of the motion the defendant gave evidence, that the child was born in May, five months and two days after the marriage of the mother to Robert Payne, and that, for moi'e than twelve months preceeding their marriage, the said Robert Payne and Polly resided in the same county in this State, and that, “ in the fall ” before the marriage, the said Robert and Polly staid all night at the same house. The Court, therefore, allowed the motion, and the attorney for the State appealed. In the Superior Court, the order on the same state of facts was reversed, and the defendant appealed to this court. The Court is of opinion, that the order ought to have been quashed. A child, born in wedlock, though born wúthin a month or a day after marriage, is legitimate by presumption of law. Co. Lit. 244, a. And where a child is born during wedlock, of which the mother was visibly pregnant at the marriage, it is a presumption
 
 juris et de jure,
 
 that it was the offspring of the husband. 1 Phil. Ev. 463. Best on Presumption, 70. In
 
 Rex
 
 v.
 
 Luff,
 
 8 East. 193, Mr. Justice Law'kencb gives for the rule a good reason, that a man, who marries a woman, whom he knows to be in this situation, is to be considred as acknowledging, by a most solemn act, that the child is his. But over and above that, there is a legal presumption here, that the child was actually begotten by the husband. If the parties had been married at the time of the conception, it would be undoubtedly so, for they lived near each other and were together about the time the child was be.gotten, and the rule seems now settled, that where there was opportunity for sexual intercourse between a man and his wife, it is presumed that it did take place, unless the contrary be shown; and, if the intercourse might have occurred, at a time, when, by a course of nature, he might have been the father, the child is deemed his.
 
 Morris
 
 v.
 
 Davis,
 
 3 Car. and Payne, 215, 378. If the case, therefore, were to
 
 *504
 
 turn on the question of the actual paternity, upon the evidence given, without any denial of the husband’s access or suggestion of his impotency, it would be decided for the defendant; and there seems to be no difference in point of law between a case, where the conception was prior or posterior to the marriage, provided the birth be after wedlock, for that makes the legitimacy. But, in the case under consideration, the Court never properly reached that point. For the magistrates do not even find the fact, that the child was born in wedlock, much less do they find the other facts necessary to establish the legal conclusion that the child, though born in wedlock, was a bastard, that is to say, the non-access or impotency of the man, who was married to the woman when she had the child. Those facts the woman was not competent to prove,
 
 (Luff’s case
 
 and
 
 State
 
 v.
 
 Wilson,
 
 10 Ire. 131,) and she was the only witness examined. If, after she proved the adultery with the defendant, another witness had professed to prove those facts, the judgment of the Justices thereon would be conclusive, as to the truth of the matters thus proved, and, neither upon motion or
 
 certiorari,
 
 could their order be quashed. But it is perfectly certain, that the Justices could not have passed upon those questions, or, if they did, they proceeded on incompetent evidence, — that of the wife alone — and, therefore, as soon as it appeared that the child was born in wedlock, the case against the defendant was at an end, for the present at least, for the want of legal evidence, that the child was a bastard and could be chargeable to the defendant, which is always the first inquiry in such a case. The judgment of the Superior Court must be reversed and that of the County Court affirmed.
 

 Pee Cukiam. Judgment reversed.