Taylor, Chief Justice.
 

 There are two objections ■made by the defendant to his being charged with th* maintainancc of the child sworn against him. The first is>
 
 *624
 
 that the mother is a married woman, and that the power of the justices and the County Court is confirmed, by the express terms of the act of 1741,
 
 ch.
 
 30. sec. 10. to the case 0f a s}rigie woman being pregnant or delivered. The other is, that the access of the husband shall be presumed, unless he was beyond sea so long a period before and during gestation, as to render it impossible that he should have been the father. It will appear from an accurate examination of the law, that the first objection is untenable; for although it uses the expression “ single woman,” in the part of the section, making provision where the woman refuses to declare the lather; yet in the subsequent part of the same section it proceeds,
 
 *<•
 
 but in case such wroman shall, upon oath, before the said justices, accuse, any man of being the father, of a bastard child,” &c., expressions which comprehend every woman, married and single, who shall have a child born under such circumstances that the law would adjudge it to be a bastard. If a married woman have a child born by an adulterous intercourse, in violation of the. rights of matrimony, the nuptial state of the woman does not prevent the law' from pronouncing the child a bastard. The mother having a child under such circumstances, is, in the sense of the act, a single woman: for the bastardy of the child being established, it follows as a necessary consequence that- it wras horn out of lawful matrimony, and our act employs the same terms with the statute 6
 
 Geo.
 
 2. which was passed a low years before it, under which statute convictions have been repeatedly had upon proof of the non access of the husband.
 
 Rex
 
 v.
 
 Bedall, (2 Strange
 
 1076.)
 
 Rex
 
 v.
 
 Reading, (Andr.
 
 10.) In those cases the objection was not even taken; and in
 
 Rex
 
 v.
 
 Luffe,
 
 where it was taken, it was overruled without hesitation. (8
 
 East
 
 196.)
 

 The other objection is founded upon the old rule of the common law, that if the husband was within the four seas, that is, w'ithin the jurisdiction of England, no proof of non access to his wife was admissible, hut the child was
 
 *625
 
 deemed to be his. But this notion, entirely destitute of any rational foundation, has been long since exploded; and it is now held, that if by reason of imbecility or on any personal account, or from absence from the place where the wife was, the husband could not be the father of the child, it shall be adjudged a bastard. This position is so plainly shown by the authorities cited in the argument, that it is needless to dwell upon it. It is also equally well established, that the wife is not a competent witness to prove, the non access of her husband, upon principles of public policy, which will not allow her to give evidence against the husband, in cases affecting his interest or character, except in cases of necessity. As to her criminal intercourse with another, she may be examined, because a fact so secret in its nature can scarcely ever be proved by other evidence. To this fact alone the woman certified, so far as the record speaks; the jury have found the non access, but there is no ground to presume that the verdict was in this respect founded on the evidence of the woman. Every fact is proved to warrant the application of the law, that the defendant be adjudged the reputed father, and charged with the maintainance of the child as the County Court shall order; to which end a
 
 procedendo
 
 must issue to that Court.
 

 By the Court, Judgment reversed*