Battle, J.
 

 The right of the plaintiffs to distributive shares .in the estate of the intestate of the defendant, Jonas Hoffman, depends upon their legitimacy. The question in relation to
 
 *336
 
 the plaintiff, Cotesworth IT. Rhyne, has been long settled. In 2 Com. Dig. 117, it is stated that a child is legitimate if borü within 'matrimony,
 
 though
 
 born within a week or a day after the marriage. So, if the woman be big with child by A, and marry B, and then the child is born, it is the legitimate child of B; 1 Roll’s Abr. 358 ; 2 Bac. Abr. 84. It is admitted in the pleadings, that this plaintiff was born, within five or six months after the marriage of his mother with the intestate, which brings him within the rule established by these authorities.
 

 The claim of the other plaintiff stands upon a principle somewhat different. He was begotten while the parties were man and wife, but was not born until six months after the husband had obtained a divorce
 
 a vinculo maf/rimonii
 
 on account of adultery. During the time, when the child was begotten,'the husband and wife lived separately, but in the same neighborhood, near enough for the husband to visit her, and it is proved that, occasionally, he did go to the house where she was staying. There was, then, an opportunity for sexual intercourse between the parties, and from that the law presumes that, in fact, there was sexual intercourse between them. This plaintiff must, therefore, be taken to be legitimate, unless it be proven, by irresistible evidence, that the husband was impotent or did not have any sexual intercourse with his wife ; but the former is not pretended, and the latter is a fact, which neither the wife, nor the declarations of the wife, is admissible to prove;
 
 Rex
 
 v.
 
 luffe,
 
 8 East, 193.— Here, independent of the declarations of the wife, which must be rejected as incompetent, there is no testimony sufficient to rebut the presumption of access.
 

 Such being the case, the proof that the plaintiff’s mother" lived in adultery with a man, who testified that he was the father of her children, makes no difference. As was said in the case of
 
 Morris
 
 v.
 
 Davies, 14
 
 Eng. C. L. Rep. 275, “it matters not that the general camp, pioneers and all, had tasted her sweet body, because the law fixes the child to be the child of the husband.”
 

 It must be declared that the plaintiffs are the legitimate children of Simon Rhyne, deceased, and as such, are entitled to distributive shares of his estate.
 

 Pee Cukiam, Decree accordingly.