THE STATE v. HENRY McDOWELL.

*Bastardy—Evidence—Husband and Wife—Witness.*

1. When a child is born in wedlock the law presumes that it is legitimate (when it is shown the husband might have begotten it, the presumption is conclusive); but this presumption may be rebutted by proof of facts and circumstances showing that the husband could not have been the father.

2. The wife is a competent witness against one charged as the father of her bastard child to prove, not only the fact of the unlawful sexual connection, but the fact that it was impossible for her husband to have had access to her within the period of gestation.

The defendant is charged with being the father of a bastard child, in a proceeding originally commenced before a Justice of the Peace in the county of CUMBERLAND, and carried by appeal to the Superior Court and tried before *Philips, J.,* at Fall Term, 1888, of said Court.

The oath and examination of Ann Patterson, the prosecu-trix, and mother of the child, were read in evidence, and then, after having said, in answer to a preliminary question, that " she had been married, but her husband left her two years ago, and she had not heard from him since he left, she was permitted to testify, after objection by the defendant, that she had a child after her husband left, begotten by the defendant on the 24th of December ; that he had intercourse with her on that day; and on cross-examination she said that the defendant had intercourse with her but once; that no one but defendant had, and that she was true to her hus-band till he left her.

To corroborate this witness Chany Nichols was permitted to testify that she knew' Ann Patterson and her husband Albert Patterson ; that she had been living on the same place with Ann Patterson for three years; that Albert went away two years ago last January, and has not been back ; that she would have seen him if he had been back; that she was with Ann pretty much every day since her husband left.

On cross-examination she said that her house was not more than fifty or seventy-five yards from Ann's; that she worked off a day or two year before last; that she worked nearly all the time with Ann, and that "it was possible for Ann's hus-band to have gone to his house in the night time," without being seen by her.

The child was exhibited by the State. It is a bright mulatto; the mother is black. The defendant testified that he had never had connection with Ann, and was not the father of the child.

The defendant asked his Honor to charge that there was no evidence that it was impossible for the husband of the prosecutrix to have connection with her. This was refused, and his Honor charged as follows :

" Unless the jury were satisfied from the evidence that it was impossible for the husband to have access to his wife at the time this child was begotten they should return a verdict for the defendant, because, if the husband could have had access to his wife, the law conclusively presumes that he was the father and the child is legitimate. But if the jury is satisfied from the evidence that it was impossible for the husband to have access to the wife, and that Henry McDowell is the father of the child, then they should return a verdict against the defendant."

The jury returned a verdict against the defendant, and from the judgment rendered thereon he appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

DAVIS, J. (after stating the case.) The case presents two questions for our consideration :

1. Can a married woman be the mother of a bastard child?

2. If so, is the mother a competent witness to prove the facts and circumstances which tend to show that it could not have been begotten by the husband?

Both questions must be answered adversely to the defendant.

When a child is born in wedlock the law presumes it to be legitimate, and unless born under such circumstances as to show that the husband could not have begotten it, this presumption is conclusive; but the presumption may be rebutted by the facts and circumstances which show that the husband could not have been the father, as that he was impotent or could not have had access. *State* v. *Pettaway,* 3 Hawks, 623; *State* v. *Wilson,* 10 Ired., 131; *State* v. *Allison,* Phil. Law, 346.

It was held in *State* v. *Pettaway* and *State* v. *Wilson* that, while the married woman was not a competent witness to prove impotency or non access, she was a competent witness to prove the criminal intercourse of which the child was the offspring; and now, as she is not testifying "for or against" her husband, she is a competent witness under § 588 of *The Code* to testify in any "suit, action or proceeding," except as stated in the said section, and there is nothing in § 1353 of *The Code* to exclude the testimony of the wife in a case like the present.

There is no error either in admitting evidence or in the charge of the Court.

Affirmed.