STATE v. CHARLES R. GREEN.

(Filed 20 May, 1936.)

**Parent and Child A a: Husband and Wife G c—Husband living under same roof with wife is conclusively presumed to be father of children.**

Where the husband and wife are living together under the same roof during the period when a child is begotten, the husband is conclusively presumed to be the father of the child when he is not impotent, and in a prosecution of the husband for abandonment and nonsupport of the child, evidence tending to establish the illegitimacy of the child under such circumstances is incompetent.

APPEAL by defendant from *Sink, J.,* at December Term, 1935, of GUILFORD.

The defendant was charged with the abandonment and nonsupport of his minor child, Johnsie Green, aged six years. The sole defense interposed by the defendant was that he was not the father of this child. Evidence was offered tending to show that the defendant and his wife, Dorothy S. Green, were married in 1922, and lived together in the same house until October, 1932, when they separated. They were divorced in 1934. Three children older than Johnsie were born of the marriage. Johnsie was born in 1930. Another child, a boy now dead, was born since the birth of Johnsie, the paternity of the last child being admitted by the defendant. The wife testified that the defendant was the father of Johnsie.

The defendant offered to testify that marital relations between himself and his wife ceased during the period between 15 February, 1929, and the last of April, 1929, though they were living in the same house. Upon objection, this testimony was excluded, as was also testimony from a number of witnesses as to misconduct on the part of defendant's wife with a man named Bullard during the spring of 1929. Defendant also offered evidence of a witness that defendant's wife had said that defendant was not the father of the child Johnsie. Numerous exceptions were taken to the rulings of the court in excluding this testimony.

There was a verdict of guilty. From judgment thereon that defendant pay the costs and ten dollars per month for the use and benefit of the child Johnsie, defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Brulon for the State.*

*W. T. Wilson for defendant.*

DEVIN, J.   Though the record shows one hundred and ninety-six assignments of error in the trial below, only one determinative question is presented for decision.

When a child is born in wedlock, the husband and wife living in the same house, is legitimacy conclusively presumed?

Upon authority and reason, the question must be answered in the affirmative.

The ancient rule of the common law that if the husband was within the four seas no proof of nonaccess was admissible (*S. v. Pettaway*, 10 N. C., 623) has been modified in this State only to the extent that the presumption of legitimacy may be rebutted by evidence tending to show the husband could not have had access or was impotent.   *S. v. McDowell*, 101 N. C., 734; I Wharton Criminal Evidence, 119.

Illegitimacy is an issue of fact resting upon proof of the impotency or nonaccess of the husband.   *S. v. Liles*, 134 N. C., 735.

In *Woodward v. Blue*, 107 N. C., 407, *Clark, C. J.*, quotes the following: "If a husband have access, and others at the same time are carrying on a criminal intimacy with his wife, a child born under such circumstances is legitimate in the eye of the law;" though a different rule would apply "if husband and wife were living separate and the wife is notoriously living in open adultery."   10 L. R. A., 662.

In *Ewell v. Ewell*, 163 N. C., 233, it is said: "Nothing is allowed to impugn the legitimacy of a child short of proof by facts showing it to be impossible that the husband could have been its father."

Here it is uncontroverted that the husband and wife were living under the same roof during the period when the child Johnsie was begotten; that they continued to live together for more than two years thereafter, during which time there was born another child of which defendant admits he was the father.   The law will not permit defendant now to assert the illegitimacy of the child Johnsie by the proffered evidence of nonaccess.   The legitimacy is conclusively presumed.

It follows, therefore, that the evidence of the defendant on this point was incompetent, as was also other evidence tending to establish illegitimacy of the child under these circumstances.

We have examined the other exceptions which the diligence of counsel has presented for our consideration, and decide that none of them can be sustained.   The judge's charge to the jury was in accord with the principles laid down in the decided cases.

In the trial we find

No error.