STATE v. J. R. BOWMAN.

(Filed 30 March, 1949.)

**1. Parent and Child § 2—**

When conception occurs during the marriage of its mother, the child is presumed to be the legitimate offspring of the then husband of the mother, notwithstanding it is born after the termination of the marriage.

**2. Same—**

The presumption of legitimacy arising from conception during wedlock is not conclusive, but may be rebutted by evidence of impotency of the husband or nonaccess at the time the child was begotten.

**3. Same—**

Neither the husband nor the wife is competent to testify as to nonaccess of the husband to rebut the presumption of legitimacy arising from the fact of conception during wedlock.

**4. Bastards § 5—**

In a prosecution of defendant for willful failure to support his illegitimate child conceived during wedlock of the mother, the admission of testimony by the prosecutrix as to the nonaccess of the husband at the time of conception is error entitling defendant to a new trial.

APPEAL by defendant, J. R. Bowman, from *Pless, J.,* and a jury, at the August Term, 1948, of CALDWELL.

Defendant is charged with violating G.S. 49-2 by willfully refusing to support and maintain an illegitimate child begotten by him upon the body of the prosecutrix, Irene Roberts Tramel. It appeared on the trial that the mother of the child and one Wesley Tramel were married on 17 July, 1944, and that their marriage lasted until May, 1947, when it ended in divorce. The child involved in the case was born 11 July, 1947. For the purpose of showing nonaccess of the husband when the child was begotten, the State offered the evidence of the prosecutrix to the effect that she had not lived with Wesley Tramel "as man and wife" since 28 October, 1944. The defendant reserved an exception to the ruling of the court admitting this testimony. The jury found the defendant guilty, and the court pronounced judgment against him on the verdict. He thereupon appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*W. H. Strickland, L. M. Abernathy, and John C. Stroupe for the defendant, appellant.*

ERVIN, J. When conception occurs during the marriage of its mother, a child is presumed to be the legitimate offspring of the then husband of the mother, notwithstanding it is born after the termination of the marriage. *Rhyne v. Hoffman,* 59 U.C. 335. The presumption of legitimacy arising in such case is not conclusive, but may be rebutted by evidence which proves that the husband could not have been the father because he was impotent or did not have access to the mother at the time the child was begotten. *Ray v. Ray,* 219 N.C. 217, 13 S.E. 2d 224; *S. v. Green,*

210 N.C. 162, 185 S.E. 670; *Ewell v. Ewell,* 163 N.C. 233, 79 S.E. 509, Ann. Cas. 1915 B, 373; *S. v. Rose,* 75 N.C. 239.  The evidence of non-access, however, must come from third persons.  This is true because under a well-established rule, which is said to be grounded on decency, morality and public policy, neither the husband nor the wife is competent to testify as to the nonaccess of the husband in a bastardy or other proceeding, where such testimony tends to bastardize or prove illegitimate a child of the wife either begotten or born during the existence of the marriage.  *Ray v. Ray, supra; S. v. Green, supra; West v. Redmond,* 171 N.C. 742, 88 S.E. 341; *Ewell v. Ewell, supra; Boykin v. Boykin,* 70 N.C. 262, 16 Am. Rep. 776; *Rhyne v. Hoffman, supra; S. v. Herman,* 35 N.C. 502; *S. v. Wilson,* 32 N.C. 131; *S. v. Pettaway,* 10 N.C. 623. Hence, the court committed error in receiving the evidence of non-access given by the prosecutrix.

As this error requires the action to be tried anew, we refrain from any comment on the testimony, which was sufficient at the trial to overcome the motions for compulsory nonsuit.

New trial.