STATE v. WAYNE EVERETT CAMPO.

(Filed 13 December, 1950.)

**1. Parent and Child § 2—**

While the presumption of legitimacy which arises from the birth of a child in wedlock may be rebutted by a showing of nonaccess on the part of the husband, neither spouse is competent to testify as to such nonaccess.

**2. Criminal Law § 48d—**

An instruction from the court to disregard all controversy relating to an irrelevant and incompetent matter has the effect of striking out all evidence on the point, and thus cures the inadvertence in the initial reception of the evidence.

**3. Husband and Wife § 22: Parent and Child § 14—**

Conflicting evidence as to whether defendant's failure to support his wife and minor children was willful, *held* adversely determined against defendant by the jury.

**4. Criminal Law § 50f—**

In this prosecution of defendant for willful abandonment and nonsupport of his wife and minor child, the remark of the solicitor that the State would have to support the child unless the defendant were convicted is disapproved, but *is held* not prejudicial in the light of defendant's own evidence.

APPEAL by defendant from *Phillips, J.,* July Term, 1950, of MECK-LENBURG.

Criminal prosecution on warrant charging the defendant with willful abandonment and nonsupport of his wife and their minor child in violation of G.S. 14-322.

The case was tried originally in the Domestic Relations Court of the City of Charlotte and Mecklenburg County and reached the Superior Court by appeal.

The wife of the defendant testified that she and the defendant were married in March, 1947; that a child, Judy Ann, was born to their union 3 March, 1949; that the defendant abandoned them on 6 June, 1950, since which time he has failed and refused to provide any support for either of them; that the defendant is an able-bodied man, a machinist by trade and capable of earning a competent living for himself and his family.

On cross-examination, the prosecuting witness stated that when her husband was drinking and wanted to whip the little baby for crying, she said to him "That is my baby—that baby ain't yours, but I did not mean that the baby did not belong to Mr. Campo."

The defendant, a witness in his own behalf, testified as follows:

"I married my wife in March 1947; the baby was born in March, 1949, and I was living with her at the time the child was born. The separation took place in June, 1950. I have not sent her any money since the date of the separation, nor have I given her any money for the child. I have not bought any groceries or clothes or anything for her since she left. . . . I supported my wife and the child until June 1950; . . . I did not leave her, but she left me. . . . At the time of this separation we were living with my father and mother. I had two rooms there until I could finish the house which I was building for her. . . . I was providing support for my wife and I was giving her everything I made. I was working at the Whitin Machine Works at the time and making $40.00 per week. . . . I have had no work since the date of the separation between myself and my wife."

In the solicitor's argument to the jury he remarked, "The State will have to support this child unless the defendant is convicted." Objection; overruled; exception.

From a verdict of guilty, and judgment thereon, the defendant appeals, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Walter F. Brinkley, Member of Staff, for the State.*

*Uhlman S. Alexander for defendant.*

STACY, C. J. The trial court inadvertently allowed the legitimacy of the child, Judy Ann, to be injected into the hearing when there was no competent evidence to raise the issue and the defendant was not making

the point. The court in its charge, after "chasing this rabbit" with some loss of track now and then, finally instructed the jury, as he should have done when the matter was first broached, to disregard the whole debate as inconsequential and pointless or without substance in the case. All the evidence on the issue purports to come from the prosecuting witness who may not speak to the subject. *S. v. Bowman,* 230 N.C. 203, 52 S.E. 2d 345, and cases cited.

Conceding the presumption of legitimacy which arises from the birth of a child in wedlock may be rebutted by evidence of nonaccess on the part of the husband, nevertheless it is the policy of the law that the evidence of nonaccess must come from third persons and not from the husband or the wife. Neither spouse is to be heard on the subject. *Ray v. Ray,* 219 N.C. 217, 13 S.E. 2d 224; *S. v. Green,* 210 N.C. 162, 185 S.E. 670. The court's instruction to the jury had the effect of striking out all the evidence on the point. This cured the inadvertence of its initial reception. *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933; *S. v. Ballard,* 79 N.C. 627.

The defendant's only defense was that his wife left him without just cause, excuse or justification; that he had been out of work ever since their separation, and that consequently he had no way or means to support them; that his failure to support was due to his inability to find work and was not willful or malicious. *S. v. Falkner,* 182 N.C. 793, 108 S.E. 756; *S. v. Cook,* 207 N.C. 261, 176 S.E. 757; *S. v. Hinson,* 209 N.C. 187, 183 S.E. 397. The jury rejected this excuse and convicted the defendant on his own testimony.

The remark of the solicitor was incautious and should have been eschewed. However, it could hardly be regarded as prejudicial in the light of the defendant's own evidence. *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466. The ruling thereon is disapproved, but held harmless on the facts of the present record. *S. v. Haslebacher,* 266 Pac. (Ore.) 900. *Cf. People v. Freitas,* 94 Pac. 2d (Cal.) 397.

The verdict and judgment will be upheld.

No error.