STATE v. LEVI ALDRIDGE.

(Filed 22 March, 1961.)

**1. Bastards § 6—**

Evidence in this prosecution of defendant for willful failure to support his illegitimate child held sufficient to be submitted to the jury.

**2. Bastards § 5:    Parent and Child § 1—**

In a prosecution of defendant for willful failure to support his illegitimate child by a married woman, the woman is incompetent to testify as to non-access of her husband, and the admission of such testimony by her is of such prejudicial nature that the harm may not be cured by the later withdrawal of the testimony and instructions to the jury not to consider it, even though there is competent testimony by other witnesses relating to non-access.

**3. Criminal Law §§ 91, 162—**

The act of the court in withdrawing incompetent testimony theretofore admitted and in instructing the jury not to consider such testimony cannot be held to cure the error when the nature of the incompetent testimony is such that it is virtually impossible to erase the prejudicial effect from the minds of the jurors.

**4. Criminal Law § 161—**

Where the prejudicial effect of testimony erroneously admitted for the State is such that error in its admission is not cured by the subsequent withdrawal of the testimony, the cross-examination of the witness by the defendant relative to the matter in an effort to discredit the credi-

bility of the witness in regard thereto, will not be held to waive defendant's objection to the admission of the testimony.

APPEAL by defendant from *Burgwyn, Emergency Judge,* September Term, 1960, of CRAVEN.

Criminal prosecution on warrant charging that, on or about May 5, 1960, defendant did "unlawfully and willfully refuse and neglect to support and maintain Robert Brimage Williams, an illegitimate child, begotten by him upon the body of Selma Russell Williams," a violation of G.S. 49-2, tried *de novo* in superior court on appeal by defendant from conviction and judgment in the Recorder's Court of New Bern.

The jury returned a verdict of guilty and the court pronounced judgment thereon. Defendant appealed, assigning errors.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

BOBBITT, J. The evidence, when considered in the light most favorable to the State, was sufficient to warrant submission to the jury and to support the verdict and judgment. Hence, assignments of error directed to the court's refusal to allow defendant's motions for judgment as in case of nonsuit (G.S. 15-173) are overruled. In this connection, see *S. v. Bowman,* 231 N.C. 51, 55 S.E. 2d 789, and cases cited.

The prosecutrix was, and for some years had been, married to one Joseph Larosa Williams.

On direct examination, the prosecutrix, the State's first witness, in response to a question asked by the court, stated that she was married. Thereupon, in response to further questions by the court, the prosecutrix testified that the child was born in April, 1960, that she did not know where her husband lived, and that she had not seen her husband for over two years. In a discussion, in the presence of the jury, as to the competency of the prosecutrix's said testimony, the court said: "She said she had no access to her husband in over two years." At the conclusion of said discussion, the court instructed the jury to "disregard" the prosecutrix's testimony "about her non-access to her husband."

No testimony as to non-access was elicited during the further direct examination of the prosecutrix. However, during cross-examination, the prosecutrix testified that she had not had sexual relations with her husband and had not seen him for over two years.

The prosecutrix's testimony as to the non-access of her husband

was incompetent. *S. v. Bowman*, 230 N.C. 203, 52 S.E. 2d 345, and cases cited; *Biggs v. Biggs*, 253 N.C. 10, 14, 116 S.E. 2d 178, and cases cited. In *S. v. Bowman, supra* (230 N.C. 203), a criminal prosecution for violation of G.S. 49-2, a new trial was awarded for error in admitting testimony of the prosecutrix as to non-access similar to that elicited from the prosecutrix herein.

In *S. v. Strickland*, 229 N.C. 201, 207, 49 S.E. 2d 469, *Seawell, J.*, said: "In appraising the effect of incompetent evidence once admitted and afterwards withdrawn, the Court will look to the nature of the evidence and its probable influence upon the minds of the jury in reaching a verdict. In some instances because of the serious character and gravity of the incompetent evidence and the obvious difficulty in erasing it from the mind, the court has held to the opinion that a subsequent withdrawal did not cure the error. But in other cases the trial courts have freely exercised the privilege, which is not only a matter of custom but almost a matter of necessity in the supervision of a lengthy trial. Ordinarily where the evidence is withdrawn no error is committed. (Citations)" This statement is quoted with approval in *S. v. Green*, 251 N.C. 40, 46, 110 S.E. 2d 609.

While the State offered the testimony of other witnesses relevant to non-access, obviously such testimony had much less probative force than the testimony of the prosecutrix. In our opinion, notwithstanding the court's instruction, it was virtually impossible for the jurors to erase from their minds the impact of said incompetent testimony of the prosecutrix.

The more difficult question is whether defendant lost the benefit of his exception when the prosecutrix, in answering questions asked on cross-examination, gave testimony of like import.

The testimony of the prosecutrix, if accepted by the jury, was sufficient to establish that defendant was the father of her child. This, as indicated by the charge, was the controverted issue.

The evidence before us is in narrative form. However, it seems clear that the questions asked on cross-examination were not general questions for the purpose of eliciting information but for the sole purpose of impeaching the prosecutrix's testimony as to non-access. In short, the cross-examiner proceeded on the theory that the prosecutrix's incompetent testimony, notwithstanding the court's instruction, was in fact imbedded in the minds of the jurors. Hence, he undertook, with indifferent success, to impeach her testimony as to non-access.

In *Hamilton v. Lumber Co.*, 160 N.C. 47, 75 S.E. 1087, it was held, as stated in the second headnote, that "(t)he erroneous admission of evidence on direct examination is held not to be prejudicial when it

appears that on cross-examination the witness was asked substantially the same question and gave substantially the same answer." This general statement is quoted with approval in *Ledford v. Lumber* Co., 183 N.C. 614, 616, 112 S.E. 421; *Cook v. Mebane,* 191 N.C. 1, 7, 131 S.E. 407; *Hanes v. Utilities Co.,* 191 N.C. 13, 19, 131 S.E. 402; and *Tyler v. Howell,* 192 N.C. 433, 437, 135 S.E. 133. The rule indicated by this general statement has been applied in the cited cases and others in relation to diverse factual situations. Whether the erroneous admission of incompetent evidence on direct examination should be deemed cured and held nonprejudicial under such circumstances would seem to depend largely upon the nature of the evidence and the circumstances of the particular case.

In *Shelton v. R.R.,* 193 N.C. 670, 674, 139 S.E. 232, *Brogden, J.,* after quoting, with apparent approval, the general rule stated in *Hamilton v. Lumber Co., supra,* continued: "but when a trial judge admits evidence over objection, it thereupon becomes proper evidence to be considered by the jury so far as the particular trial in the Superior Court is concerned, and the rule does not mean that the adverse party may not, on cross-examination, explain the evidence or destroy its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception." In this connection; see *S. v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; *S. v. Tew,* 234 N.C. 612, 68 S.E. 2d 291; *Jones v. Bailey,* 246 N.C. 599, 99 S.E. 2d 768.

In *Shelton v. R.R., supra,* the specific holding was that the defendant did not by cross-examination waive the benefit of his exception to incompetent evidence elicited on direct examination and erroneously admitted. *Brogden, J.,* quotes from *Marsh v. Snyder* (Neb.), 15 N.W. 341, the following: "Where an exception is duly taken to the admission of illegal testimony, it is not waived by mere cross-examination of the witness respecting it." The opinion cites numerous cases from other jurisdictions to like effect. In this connection, see Stansbury, North Carolina Evidence, § 30; 3 Am. Jur., Appeal and Error § 277, p. 53; 5A C.J.S., Appeal & Error § 1735(c)(1), p. 1034.

Whether the rule enunciated and applied in *Hamilton v. Lumber Co., supra,* and the rule enunciated and applied in *Shelton v. R.R., supra,* are in irreconcilable conflict or may be harmonized, is not presently determined. The precise question is not presented by this appeal.

Here, the prosecutrix's testimony as to non-access was erroneously elicited by the court and thereafter the jury was instructed to "disregard" it. Defendant's counsel was confronted by the fact that the

prosecutrix's incompetent testimony as to non-access was in the minds of the jurors and that an unfavorable verdict was probable unless her testimony was impeached. We are constrained to hold that defendant did not lose the benefit of his exception to the eliciting of the prosecutrix's incompetent testimony on account of his counsel's attempt to impeach the credibility of the prosecutrix in respect of such incompetent testimony. It seems probable that the jury's verdict was based in substantial part on incompetent evidence bearing directly on the crucial issue notwithstanding the court instructed the jury to "disregard" it. Hence, a new trial is awarded.

New trial.