## STATE v. JAMES HOWARD TEDDER.

### (Filed 31 October 1962.)

**1. Parent and Child § 1—**

A child born in wedlock is presumed legitimate regardless of the length of time between the date of the marriage and the date of the child's birth, which presumption can be rebutted only by proof that it was impossible that the husband could have been the child's father, and a witness is not competent to testify as to nonaccess when under the circumstances access could well have existed without knowledge of the witness.

**2. Evidence § 15—**

A witness is not competent to testify as to the nonexistence of a fact when his situation with respect to the matter is such that the fact might well have existed without the witness being aware of it.

---

---

APPEAL by defendant from *Gwyn, J.,* 5 March 1962 Term of FORSYTH.

This is a criminal action tried upon a warrant charging the defendant with the wilful failure to provide support for his minor child begotten upon the body of his lawful wife, Essie Tedder.

The State's evidence tends to show that the defendant James Howard Tedder married Essie Montgomery Tedder on 27 August 1960 and that a child was born on 27 January 1961; that defendant lived with his wife and child until April 1961 when the wife left defendant because he was "running around" with one Doris King and would not support her or the child.

The evidence further tends to show that Mrs. Tedder was between four and five months pregnant at the time she was married; that she informed the defendant prior to their marriage that she was pregnant; that he didn't say anything when she first told him she was pregnant. She testified that thereafter "he came over one day and wanted to know if I didn't think we ought to get married. * * * I told him, 'If you don't intend to make a home for me and the baby, I don't want to marry you,' * * *. He said he wanted to make a home for me and the baby, and he promised me if I would marry him that is what we would have."

The defendant undertook to introduce evidence of nonaccess which, in the opinion of the court, under the facts and circumstances, was inadmissible. The jury returned a verdict of guilty as charged. Judgment was entered on the verdict and the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General James F. Bullock for the State.*

*Harold R. Wilson for defendant.*

PER CURIAM. "A child born in wedlock is presumed to be legitimate, and, as stated by Ruffin, C.J., in *S. v. Herman,* 35 N.C. 502, quoting from Coke on Littleton, this presumption exists, 'if the issue be born within a month or a day after marriage.'" *West v. Redmond,* 171 N.C. 742, 88 S.E. 341.

In the case of *Ewell v. Ewell,* 163 N.C. 233, 79 S.E. 509, this Court said: "Nothing is allowed to impugn the legitimacy of a child short of proof by facts showing it to be impossible that the husband could have been its father." *S. v. Green,* 210 N.C. 162, 185 S.E. 670.

The proffered testimony of the defendant's witnesses was properly excluded by the court below. It was not positive proof of the fact of nonaccess. In fact, it had no logical tendency to prove nonaccess.

"* * * (E)vidence must have some logical tendency to prove a fact

in issue in order to be competent. And a witness is not competent to testify as to the nonexistence of a fact when his situation with respect to the matter is such that the fact might well have existed without the witness being aware of it. * * *" Strong, North Carolina Index, Vol. II, Evidence, section 15, page 259; *Johnson v. R.R.*, 214 N.C. 484, 199 S.E. 704; *Ballard v. Ballard*, 230 N.C. 629, 55 S.E. 2d 316.

A careful examination of the record in the trial below leads us to the conclusion that no prejudicial error has been shown that would justify a new trial.

No error.