STATE v. MELVIN STILWELL ROGERS.

(Filed 30 October 1963.)

**1. Incest;    Parent and Child § 1—**

In a prosecution for incest, the married mother of the prosecutrix may not testify that defendant, a person not her husband, is the natural father of the prosecutrix, since a mother will not be permitted to bastardize her own issue and testify to illicit relations except in an action which directly involves the parentage of the child, and, the prosecutrix having been born in wedlock, the law will conclusively presume legitimacy in the absence of evidence that the husband was impotent or could not have had access.

**2. Incest—**

Our statute makes consanguinity the basis of the crime of incest, G.S. 14-178, and therefore a defendant may not be prosecuted under the statute for having carnal relations with his adopted daughter.

APPEAL by defendant from *Campbell, J.,* April Session 1963 of CATAWBA.

This is a criminal action in which the defendant was tried upon a bill of indictment charging him with unlawfully, wilfully and feloniously having carnal intercourse with one Corinne (Connie) Rogers, his daughter, knowing such relationship to exist.

The State's evidence tends to show that after a courtship of two or three months, Dorothy Stines (then Dorothy Frye) was lawfully united in marriage with Edgar Weaver on 17 September 1944; that thereafter they lived together as husband and wife. On 14 March 1945, Dorothy Frye Weaver gave birth to Connie Rogers, the prosecutrix, while Dorothy Frye Weaver and her husband, Edgar Weaver, were living together as husband and wife. They continued to live together for some thirteen years, during which time three additional children were born of this marriage.

On 16 December 1955, by and with the written consent of Dorothy Frye Weaver as mother, and Edgar Weaver as father, the Welfare Department of Catawba County entered its final order affirming the adoption of Connie Rogers, the prosecutrix, by the defendant, Melvin Stilwell Rogers, with whom she thereafter resided.

The evidence further tends to show that on 11 May 1962, Connie Rogers, the prosecutrix, and Melvin Stilwell Rogers, the defendant, engaged in sexual intercourse at Mackie's Motel, near Conover in Catawba County.

Mrs. Dorothy Stines (formerly Mrs. Dorothy Frye Weaver) was permitted to testify that before she married Edgar Weaver on 17 September 1944, she had sexual intercourse with the defendant Melvin Stilwell Rogers, and became pregnant as a result thereof; that she was pregnant when she married Edgar Weaver, and that the defendant is the father of Connie Rogers, the prosecutrix.

The jury rendered a verdict of guilty, and from the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard for the State.*

*Stanley J. Corne and Sheldon M. Roper for defendant.*

DENNY, C.J. The indictment upon which the defendant was tried was based upon G.S. 14-178, which reads as follows: "In all cases of carnal intercourse between grandparent and grandchild, parent and child, and brother and sister of the half or whole blood, the parties shall be guilty of a felony, and shall be punished for every such offense

by imprisonment in the State's prison for a term not exceeding fifteen years, in the discretion of the court."

In S. v. McDowell, 101 N.C. 734, 7 S.E. 785, it is said: "When a child is born in wedlock the law presumes it to be legitimate, and unless born under such circumstances as to show that the husband could not have begotten it, this presumption is conclusive; but the presumption may be rebutted by the facts and circumstances which show that the husband could not have been the father, as that he was impotent or could not have had access. S. v. Pettaway, 3 Hawks, 623; S. v. Wilson, 10 Ired., 131; S. v. Allison, Phil. Law, 346." Ewell v. Ewell, 163 N.C. 233, 79 S.E. 509, Ann. Cas. 1915B 373; West v. Redmond, 171 N.C. 742, 88 S.E. 341; Ray v. Ray, 219 N.C. 217, 13 S.E. 2d 224; S. v. Tedder, 258 N.C. 64, 127 S.E. 2d 786.

"The wife is not a competent witness to prove the non-access of the husband, * * * nor may such be shown by evidence of declarations of the wife. * * * Her testimony and declarations are excluded not only as violative of the confidential relations existing between husband and wife but pursuant to a sound public policy which prohibits the parent from bastardizing her own issue. However, she is permitted to testify as to the illicit relations in actions directly involving the parentage of the child, for in such cases, proof thereof frequently would be an impossibility except through the testimony of the woman." Ray v. Ray, supra, and cited cases.

In this case, however, the State offered no evidence of the impotency or nonaccess of the husband. In fact, the State offered evidence tending to show access on the part of the husband and rebutted any inference of impotency by proving that three additional children were born of the marriage between Edgar Weaver and his wife, Dorothy Frye Weaver. Even so, we are confronted with this question: Is a man guilty of incest if he has sexual intercourse with his adopted daughter?

In S. v. Wood, 235 N.C. 636, 70 S.E. 2d 665, this Court said: "A father violates G.S. 14-178 and by reason thereof is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter in fact, regardless of whether she is his legitimate or his illegitimate child. S. v. Sauls, 190 N.C. 810, 130 S.E. 848; Strider v. Lewey, 176 N.C. 448, 97 S.E. 398; S. v. Laurence, 95 N.C. 659; Baumer v. State, 49 Ind. 544, 19 Am. Rep. 691; State v. Alexander, 216 La. 932, 45 So. 2d 83; State v. Ellis, 74 Mo. 385; 41 Am.Rep. 321."

"Incest, although punished by the ecclesiastical courts of England as an offense against good morals, is not at common law an indictable offense." Anno: Incest * * *, 72 A.L.R. 2d 706.

The crime of incest is purely statutory, and our statute is based on consanguinity and, therefore, excludes affinity. Our statute is like the incest statute of Michigan and would not include the relationship between a stepfather and his stepdaughter, since their relationship would not be one of consanguinity. *Ex parte Bourne,* 300 Mich. 398, 2 N.W. 2d 439.

In the case of *S. v. Lee,* 196 Miss. 311, 17 So. 2d 277, the defendant was charged with having incestuous relations with his adopted daughter. The Court said: "And what we have here is a criminal prosecution as to which the rule is that the construction is one of strictness in favor of the defendant, and that whatever sense of detestation the court may entertain towards a party upon the facts, courts nevertheless may not impose punishment upon one not within the strict letter of the law. * * *

"It is, therefore, for the legislative department to include an adopted daughter by a plain statute, fixing punishment, not for us to engraft it or read it into one of the existing statutes by way of construction, however much we may think it ought to be somewhere there." *S. v. Winslow,* 208 Miss. 753, 45 So. 2d 574.

"The word 'daughter' means, and is generally understood to mean, 'an immediate female descendant,' and not an adopted daughter, a stepdaughter, or a daughter-in-law." *People v. Kaiser,* 119 Cal. 456, 51 P. 702; 25 C.J.S., page 1005.

In *S. v. Youst,* 74 Ohio App. 381, 59 N.E. 2d 167, the defendant was charged with having sexual relations with his adopted daughter. The Court said: "The relationship was not actually one of father and daughter, * * * but that of adopted daughter, and the fact that she was an adopted daughter could not by the wildest stretch of the imagination constitute her the natural daughter of the accused."

In the present case, Connie Rogers may be the natural daughter of the defendant, but this fact was not so established in the trial below in the manner required by law to establish such fact.

The defendant's conduct, however, in having sexual relations with his adopted daughter, is indeed detestable. It rests, however, within the power of the Legislature to make such conduct incestuous.

The verdict and judgment entered below are
Reversed.