WAKE COUNTY CHILD SUPPORT ENFORCEMENT EX REL REBECCA BAILEY v. ART McGUINNESS MATTHEWS

No. 7710DC449

(Filed 16 May 1978)

1. **Parent and Child § 1.2— action to establish paternity—mother's testimony as to husband's access**

    In an action to establish paternity, the trial court erred in failing to exclude testimony by the mother of the child that she did not have sexual intercourse with her husband during the period of possible conception, since the mother's testimony violated the confidential relation existing between a husband and wife and public policy prohibiting a parent from bastardizing her own issue.

**2. Parent and Child § 1.1— action to establish paternity—married mother—presumption of legitimacy**

When a husband has actual access to his wife during the period of conception, the law conclusively presumes he has exercised that access and establishes the child as his absent proof that the wife was living in open and notorious adultery.

**3. Parent and Child § 1.1— action to establish paternity—husband's access to child's mother**

In an action to establish paternity, the trial court's finding that the husband of the child's mother had actual access to the mother during the period of conception was supported by evidence that the mother and her husband both lived in the same county during such period, and although the evidence did not support the court's finding that the husband exercised this access to the wife during the period of conception, such finding was harmless surplusage since it is conclusively presumed the child was lawfully begotten in wedlock where there was actual access.

**4. Parent and Child § 1.2— action to establish paternity—open and notorious adultery**

In this action to establish paternity, testimony by the child's mother that she had illicit sexual relations with defendant during the period of possible conception and that she shared a room with defendant on several nights while both within and without the community in which she resided did not show that the mother lived in "open and notorious adultery" so as to show nonaccess by her husband during the period of conception, since the "open and notorious adultery" necessary to show nonaccess by the husband means that the parties resided together publicly as if a marital relationship existed between them.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 11 January 1977 in District Court, WAKE County. Heard in the Court of Appeals 6 March 1978.

This action was brought by the plaintiff, Wake County Child Support Enforcement, upon relation of the relatrix, Rebecca Bailey, to establish paternity of her minor child, Gregory Scott Bailey, in the defendant Art McGuinness Matthews. The plaintiff introduced the testimony of Rececca Bailey tending to show that she became pregnant in late October or early November of 1974 and gave birth to the child in question on 29 July 1975. She testified that she had sexual relations with the defendant on a regular basis from early July through early November of 1974. She was lawfully married to James Brooks Bailey from 11 December 1972 until 19 May 1976. During the entire time of this marriage, both she and her husband resided in Wake County.

Rebecca Bailey further testified that she did not have her ordinary menstrual period for November, which should have occurred on approximately 12 November 1974. She had sexual relations with no one other than the defendant from early August through mid November of 1974. Sometime after missing her ordinary menstrual period, however, she began having regular sexual relations with one Richard Butch Bragg.

The relatrix's mother, Gertha Mae Dickson, testified that James and Rebecca Bailey were separated in late January of 1973. She testified that the relatrix lived with her from 29 January 1973 through 24 October 1975. Gertha Mae Dickson further testified that she did not see James Bailey at her home from April of 1974 until May of 1976. She testified that the relatrix did not leave her home in the presence of any man other than the defendant from August through December of 1974, but that the relatrix had a car and was not in her presence at all times during this period.

At the close of the plaintiff's evidence, the defendant moved for an involuntary dismissal pursuant to G.S. 1-1A, Rule 41 (b). After making findings of fact and conclusions of law, the trial court issued an order granting the involuntary dismissal. From this order, the plaintiff appealed.

*E. Gregory Stott for plaintiff appellant.*

*A. R. Edmonson for defendant appellee.*

MITCHELL, Judge.

The plaintiff assigns as error the trial court's order granting the involuntary dismissal. The plaintiff contends that its evidence, if believed, was sufficient to show a right to relief upon the facts and the law. We do not agree.

The trial court properly found from uncontested evidence that the minor child in question was born during the existence of the marriage between James and Rebecca Bailey. When a child is so born during wedlock, it is presumed to be legitimate. *State v. McDowell*, 101 N.C. 734, 7 S.E. 785 (1888). The presumption can be rebutted only by proof that the husband could not have been the father. Such proof may be by a showing that he was impotent, could not have had access to the mother during the period when

conception must have occurred, or that the results of blood-grouping tests show impossibility of the husband's paternity. *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972) (blood-grouping tests); *State v. Rogers*, 260 N.C. 406, 133 S.E. 2d 1 (1963); *State v. Pettaway*, 10 N.C. 623 (1825).

[1] In the case *sub judice*, the plaintiff, in attempting to prove the paternity of the defendant, relied solely upon lack of access by the husband during the period of conception. The plaintiff first offered as evidence of lack of access the testimony of Rebecca Bailey that, during the period of possible conception, she did not have sexual intercourse with her husband. In *State v. Green*, 210 N.C. 162, 163, 185 S.E. 670, 671 (1936), the Supreme Court of North Carolina indicated by way of dictum that such testimony is "proffered evidence of nonaccess." If testimony by a wife is testimony of lack of access or other testimony tending to bastardize her child, it is incompetent. It was error for the trial court to fail to exclude this testimony by the wife as violative of the confidential relations existing between husband and wife and pursuant to sound public policy prohibiting a parent from bastardizing her own issue. *Ray v. Ray*, 219 N.C. 217, 220, 13 S.E. 2d 224, 226 (1941). *See also, State v. Hickman*, 8 N.C. App. 583, 174 S.E. 2d 609, *cert. denied*, 277 N.C. 115 (1970).

[2] Evidence from any source tending to show that the relatrix, Rebecca Bailey, did not have sexual intercourse with her husband during a period in which he had actual access to her would have been, at best, irrelevant. When a husband has actual access to his wife during the period of conception, the law conclusively presumes he has exercised that access and establishes the child as his absent proof that the wife was living in open and notorious adultery. *Ray v. Ray*, 219 N.C. 217, 13 S.E. 2d 224 (1941); *State v. Green*, 210 N.C. 162, 185 S.E. 670 (1936); *Rhyne v. Hoffman*, 59 N.C. 335 (1862).

Although this evidence should have been excluded, its admission was clearly favorable to the plaintiff. The plaintiff may not, therefore, properly complain of its admission. The plaintiff was not, however, entitled to have evidence drawn from an incompetent witness considered relative to its contention of lack of access by the husband. The trial court's apparent refusal to treat the testimony of Rebecca Bailey, as to lack of sexual intercourse with

her husband, as sufficient to overcome the motion for dismissal was not error. The trial court was required to ignore this incompetent evidence.

Where, as here, the trial court admits both competent and incompetent evidence, it is presumed that the findings of fact of the court were in no way influenced by hearing the incompetent evidence. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668, *cert. denied*, 358 U.S. 888, 3 L.Ed. 2d 115, 79 S.Ct. 129 (1958). Here, the presumption is borne out by the fact that the trial court seems to have ignored the incompetent evidence.

[3] The testimony of Gertha Mae Dickson showed, at most, that the husband and wife were not together in her presence during the period of conception. This evidence was totally insufficient to prove lack of access by the husband. It was uncontested that, during the period of conception, both the husband and wife resided in Wake County. The trial court properly concluded that all of the evidence revealed access in fact by the husband during the crucial period.

The plaintiff contends, however, that the trial court erred in finding as a fact that the husband exercised this access to the wife during the period of possible conception. This contention is correct, as there was no evidence tending to support the finding. This error was clearly harmless. If access in fact is proven, whether proven to have been exercised or not, "there is a conclusive presumption that the child was lawfully begotten in wedlock." *Ray v. Ray*, 219 N.C. 217, 219, 13 S.E. 2d 224, 226 (1941). The finding by the trial court that there was access in fact was supported by the evidence, and its erroneous finding that the access was exercised was, at worst, harmless surplusage restating a presumption of law arising from the facts.

[4] The plaintiff next contends that evidence was admitted tending to show that Rebecca Bailey was living in open adultery during the period of possible conception. The plaintiff asserts that such evidence tended to show nonaccess and made dismissal by the trial court erroneous. We do not agree.

In a proper case a wife may be permitted to testify involving her illicit relations with a man other than her husband during the period of possible conception, as proof of such relations would fre-

quently be impossible except through the testimony of the woman involved. *State v. Rogers*, 260 N.C. 406, 408, 133 S.E. 2d 1, 2 (1963). This was not, however, evidence of "open and notorious adultery." That term has generally been held to encompass only cases in which the parties engaging in adultery reside together publicly as if a marital relationship existed between them, and this as well as the fact that they are not husband and wife are both known in the community of their residence. Black's Law Dictionary 72 (4th ed. rev. 1968). Although we have found no North Carolina case precisely defining the term, we think this definition is consistent with the decided cases involving "open and notorious adultery" in North Carolina.

The testimony of Rebecca Bailey tended to show that she had illicit sexual relations with another man during the period of possible conception. That testimony also tended to show that she shared a room with this man on several nights while both within and without the community in which she resided. No evidence that she lived with him on a regular basis or as if a marital relationship existed was introduced. This evidence, if believed, was insufficient to tend to show that type of "open and notorious adultery" which has been held to constitute "a potent circumstance tending to show nonaccess." *Eubanks v. Eubanks*, 273 N.C. 189, 197, 159 S.E. 2d 562, 568 (1968). Further, had this testimony by the wife, Rebecca Bailey, tended to show such nonaccess, the trial court would have been required to exclude it as the incompetent testimony of a wife tending to prove nonaccess of her husband during the period of conception. A wife is not a competent witness to prove such nonaccess by her husband. *State v. Rogers*, 260 N.C. 406, 408, 133 S.E. 2d 1, 2 (1963).

None of the competent evidence introduced by the plaintiff, including the testimony of the relatrix as to her illicit sexual acts, tended to show lack of access by the husband during the period in which the child in question could have been conceived. Rather, all of the plaintiff's evidence itself tended to show access. Thus, it is conclusively presumed that the child was lawfully begotten in wedlock.

The trial court committed no error prejudicial to the plaintiff in its findings of fact and conclusions of law as set forth in the

order from which this appeal is taken. We find that order was proper, and it is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.