DEPARTMENT OF TRANSPORTATION v. ALETHA FULLER; JOHNNIE
-FULLER, JR. AND WIFE, IF ANY, MRS. JOHNNIE FULLER, JR.; CHARLES
EDWARD FULLER; KENNETH MAPPS AND WIFE, MRS. KENNETH
MAPPS; COUNTY OF BUNCOMBE; CITY OF ASHEVILLE; AND PETER L.
RODA, TRUSTEE

No. 8428SC1008

(Filed 16 July 1985)

1. **Parent and Child § 1.1— rights of illegitimate child in condemned property—
presumption of legitimacy not overcome**

   The findings and conclusions did not support the judgment that Cynthia
   Steward, as the illegitimate daughter of Johnny Fuller, was the owner of a
   one-third undivided interest in property which had been owned by Johnny
   Fuller and which was the subject of a condemnation action by the Department
   of Transportation where the undisputed evidence showed that Cynthia
   Steward's mother was married to Ernest Steward when Cynthia was born.
   There was no finding that Ernest Steward could not have been the father of
   Cynthia Steward and evidence that Ernest had been hospitalized for tuber-
   culosis the year before Cynthia was born was insufficient to rebut the
   presumption of legitimacy because he was allowed to go home on weekends.
   Rule 10(a), Rules of App. Procedure.

2. **Bastards § 13— illegitimate child—father and mother did not later marry—
G.S. 49-12 erroneously applied**

   In an action to determine whether an allegedly illegitimate child had an
   interest in the proceeds of a settlement in a condemnation action, the trial
   court erred by applying G.S. 49-12 without a finding that the child's father and
   mother had married after the birth of the child.

APPEAL by defendant from *Allen, Judge.* Judgment entered
25 June 1984 in Superior Court, BUNCOMBE County. Heard in the
Court of Appeals 7 May 1985.

The Department of Transportation began condemnation pro-
ceedings in March 1981 on property owned by Johnny Fuller, who
died intestate on 22 July 1979. Johnny and Aletha Fuller were
married in 1945; they separated in 1968 and were divorced in
1969. Two sons, Johnny Fuller, Jr. and Charles Fuller, were born
of the marriage. The sons assigned their interests in their father's
condemned property to defendant Aletha Fuller. Pursuant to a
consent judgment entered on 3 July 1981, the Department of
Transportation paid Aletha Fuller $23,000.

On 1 February 1984 Violeatha and Cynthia Steward, claiming to be the illegitimate daughters of Johnny Fuller, requested a hearing to determine what rights, if any, they had in the condemned property. After a hearing on 14 March 1984, Cynthia and Violeatha Steward were each adjudged the owners of a one-fourth undivided interest in the property. On rehearing, Cynthia Steward was adjudged the owner of a one-third undivided interest in the property. From this judgment filed 26 June 1984, defendant Aletha Fuller appeals.

*Long, Howell, Parker and Payne, P.A. by Ronald K. Payne for plaintiff-appellee.*

*Jack W. Westall, Jr., P.A. by Kathy G. Lindsey for defendant-appellant.*

PARKER, Judge.

Defendant Aletha Fuller did not take exception to any of the trial judge's findings of fact; therefore, the sole question raised on this appeal is whether the trial judge's findings of fact and conclusions of law support the judgment. Rule 10(a), Rules of Appellate Procedure.

The trial judge made the following findings of fact, in pertinent part:

> 5. That the property condemned in the original Complaint filed by the Department of Transportation in the above captioned matter was owned by one Johnny Fuller, Sr. at the time of his death on July 22, 1979. That at the time of Johnny Fuller, Sr.'s death, he was divorced from Aletha Fuller, . . .
>
> . . . .
>
> 9. That the said Johnny Fuller, Sr. and Rachel Steward lived together representing themselves to be husband and wife to the general public and Cynthia Steward and Violetha Steward lived in the same household.
>
> 10. That Johnny Fuller, Sr. acknowledged to neighbors and friends that he was the father of Cynthia Steward.
>
> 11. That Johnny Fuller, Sr. named Cynthia Steward as the beneficiary of his North Carolina Teachers and State Em-

ployees Retirement Benefits, by a document dated November 20, 1973, and in said designation of beneficiary form, named Cynthia Steward as his daughter. That said designation of beneficiary form was acknowledged by a notary public.

. . . .

13. That Johnny Fuller, Sr. died intestate on or about the 22nd day of July 1979, subsequent to the death of Rachel Steward.

14. That at the time of his death, Johnny Fuller, Sr., was the owner in fee simple of the property described in the original Complaint filed by the Department of Transportation in this matter.

. . . .

NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT ENTERS THE FOLLOWING CONCLUSIONS OF LAW:

1. That Johnny Fuller, Sr. owned, in fee simple, the property described in the original Complaint filed by the Department of Transportation in this matter.

2. That Cynthia Steward is the daughter of the said Johnny Fuller, Sr., who was born out of wedlock.

3. That Johnny Fuller, Sr. died intestate on or about July 22, 1979, leaving surviving him his heirs at law, two sons, Johnny Fuller, Jr. and Charles E. Fuller, and one daughter, Cynthia Steward.

4. That by virtue of being the daughter of Johnny Fuller, Sr., having survived said Johnny Fuller, Sr., said Johnny Fuller, Sr. having died intestate, and pursuant to North Carolina General Statutes, Section 49-12, said Cynthia Steward is the owner of a one-third undivided interest in and to the property described in the Complaint previously filed by the Department of Transportation in this matter.

. . . .

7. That Cynthia Steward is entitled to be compensated for her interest in the property described in the Complaint

filed by the Department of Transportation and condemned by the Department of Transportation.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That Cynthia Steward is the owner of a one-third undivided interest in and to the property described in the Complaint previously filed by the Department of Transportation in this matter.

2. That Cynthia Steward is entitled to compensation for the taking of her interest in said property and may institute such actions as are appropriate to get her just compensation.

3. That Violetha Steward is not entitled to compensation and owns no interest in the subject property.

[1] We agree with defendant that the findings of fact and conclusions of law do not support the judgment, and the trial judge erred in adjudging Cynthia Steward the owner of a one-third undivided interest in the property.

When a child is born in wedlock, the law presumes that the child is legitimate; this presumption can only be rebutted by facts and circumstances which show that the husband could not have been the father. *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968). Such proof may be made by showing that the husband was impotent, or that he did not have access to his wife during the time period when conception must have occurred. *Id.; Wake County Child Support Enforcement v. Matthews*, 36 N.C. App. 316, 244 S.E. 2d 191 (1978).

In the instant case the undisputed evidence showed that at the time Cynthia Steward was born 19 December 1955, her mother, Rachel Steward, was married to Ernest Steward. There was no finding of fact that Rachel Steward's husband, Ernest, could not have been the father of Cynthia Steward. There was evidence that Ernest Steward had been hospitalized for tuberculosis the year before Cynthia Steward was born, but he was allowed to go home on weekends. This evidence is insufficient to prove lack of access by Ernest Steward. As the presumption of legitimacy was not rebutted, the trial judge erred in concluding that Johnny Fuller was the father of Cynthia Steward.

**[2]** Although not necessary to our holding in this case, we note that the trial judge also erred in his application of G.S. 49-12. This statute provides in pertinent part:

> When the mother of any child born out of wedlock and the reputed father of such child shall intermarry or shall have intermarried at any time after the birth of such child, the child shall, in all respects after such intermarriage be deemed and held to be legitimate and the child shall be entitled, by succession, inheritance or distribution, to real and personal property by, through, and from his father and mother as if such child had been born in lawful wedlock.

This statute clearly requires marriage between the mother of the child born out of wedlock and its reputed father. The trial judge, however, did not find that Rachel Steward and Johnny Fuller were married, and on the record before this court there is no evidence to support such finding. Therefore, reliance on G.S. 49-12 was erroneous.

For the reasons stated above, the judgment of the trial court is vacated.

Vacated and remanded.

Judges ARNOLD and MARTIN concur.