STATE v. J. R. BOWMAN.

(Filed 2 November, 1949.)

**1. Criminal Law § 22—**

  Where in a prosecution for willful failure to support an illegitimate child, the court in its discretion withdraws a juror and orders a mistrial because it had not been made to appear that demand had been made upon defendant to support the child, the mistrial is ordered in the interest of justice and such disposition will not support a plea of former jeopardy in a subsequent prosecution for the same offense.

**2. Parent and Child § 2: Bastards § 5—**

  In a prosecution of defendant for willful failure to support his illegitimate child conceived during wedlock of the mother, the mother, while not competent to testify as to the nonaccess of her husband, is competent to testify as to acts of illicit intercourse of defendant, that he was the father of the child in question, and had admitted paternity and promised to provide for the child and had failed to do so after demand.

**3. Bastards § 6—**

Evidence in this prosecution of defendant for willful failure to support his illegitimate child *is held* sufficient to be submitted to the jury.

APPEAL by defendant from *Shuford, Special Judge,* at May 9th Special Term, 1949, of CALDWELL.

Criminal prosecution upon a warrant issued out of the recorder's court of Caldwell County, 8 March, 1948, charging defendant with willful failure to provide support for his illegitimate child begotten upon the body of one Irene Roberts.

Upon trial in recorder's court the jury returned a verdict of guilty. Judgment was pronounced thereon imposing a six months' jail sentence. Defendant appealed therefrom to Superior Court.

When the case was called, and before pleading, and the impaneling of a jury, defendant entered a plea of former jeopardy. Pless, J., then presiding, found facts in respect thereto substantially these: That a warrant issued out of the recorder's court of Caldwell County on 7 March, 1947, charging defendant with willful failure to support his illegitimate child, born of Irene Roberts; that defendant was found guilty in said court and judgment was pronounced; that he appealed therefrom to Superior Court; that in course of the trial in Superior Court on such appeal, when it appeared that the prosecuting witness, Irene Roberts, had made no demand of the defendant that he support the child in question, the court in its discretion withdrew a juror and ordered a mistrial; and that later the Solicitor for the State took a *nol pros* in the case. And another warrant, the one on which present prosecution is based, was issued on 8 March, 1948.

On these facts the judge held that the plea of former jeopardy is not well taken. Defendant excepted.

A trial in Superior Court followed,—resulting in a jury verdict of guilty, on which the court sentenced defendant to a term of six months in the common jail of Caldwell County to work the roads under supervision of the State Highway and Public Works Commission. (Counsel for the prosecuting witness recommended to the court that the sentence be suspended upon condition that defendant support the child.) ("Counsel for defendant will not consent.") Defendant appealed to Supreme Court and assigned errors, among which is that the court erred "in overruling defendant's plea on former jeopardy." All the above appears from record on former appeal, No. 289 at Spring Term, 1949.

On such appeal a new trial was ordered for error in admitting incompetent evidence. See 230 N.C. 203, 52 S.E. 2d 345.

And when the case came on for second time in Superior Court of Caldwell County, it appears from the record on this appeal that before

the jury was selected and chosen defendant again entered a plea of former jeopardy—and the motion was overruled, to which he excepted.

On such retrial evidence was offered by the State, and by the defendant.

The jury again found the defendant guilty. On the verdict so finding the judgment of the court is that defendant be confined in the common jail of Caldwell County for a term of six months to be assigned to work on the roads under the control and supervision of the State Highway and Public Works Commission. He appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*W. H. Strickland, John C. Stroupe, and L. M. Abernathy for defendant, appellant.*

WINBORNE, J. By referring to record on former appeal, No. 289 at Spring Term, 1949, of this Court, it is seen that the first assignment of error brought forward there, as it is now, by defendant, is based upon exception to the ruling of the court in denying his plea of former jeopardy. This ruling is accordant with prevailing decisions of this Court,— so much so, that on former appeal the exception merited no particular consideration. And on this appeal the same authorities are cited by defendant as on former appeal. If the point could be presented again on this appeal, it is still without merit. It is apparent that the mistrial in question was ordered in the interest of justice. As was said by *Brown, J.,* in *S. v. Tyson,* 138 N.C. 627, 50 S.E. 456: "It is well settled and admits of no controversy that in all cases, capital included, the court may discharge·a jury and order a mistrial when it is necessary to attain the ends of justice. It is a matter resting in the sound discretion of the trial judge." See also *S. v. Guthrie,* 145 N.C. 492, 59 S.E. 652; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604, and *S. v. Dove,* 222 N.C. 162, 22 S.E. 2d 231.

Defendant next assigns as error numerous rulings of the court in permitting the prosecutrix to testify (1) to acts of sexual intercourse with defendant, (2) that he was the father of the child in question, (3) that he had said to her "that he knew it was his baby . . . and he would provide for the baby," and (4) that before 8 March, 1948, the date of the warrant on which this prosecution is based, she had demanded of defendant that he support the child—and that he has not given any support— even though he is an able-bodied man.

These assignments are held to be without merit. In the case of *Ray v. Ray,* 219 N.C. 217, 13 S.E. 2d 224, in opinion by *Barnhill, J.,* this Court, speaking of the competency of a married woman to testify as to the paternity of her child born in wedlock, had this to say: "The question

of legitimacy or illegitimacy of the child of a married woman, under the prevailing rules, rests on proof as to the nonaccess of the husband and she is not a competent witness to prove the nonaccess of the husband. But she is permitted to testify to the illicit relations in an action directly involving the parentage of the child, for in such cases, proof thereof frequently would be an impossibility, except through her testimony," citing *S. v. Pettaway,* 10 N.C. 623; *S. v. Wilson,* 32 N.C. 131; *S. v. McDowell,* 101 N.C. 734, 7 S.E. 785.

Indeed, the rulings to which these assignments of error relate are not in conflict with the rule of evidence applied in granting a new trial on former appeal, 230 N.C. 203, 52 S.E. 2d 345.

Defendant also assigns as error the denial of his motions for judgment as of nonsuit. A reading of the evidence shown in the record also discloses it is sufficient to take the case to the jury on all essential elements of the offense charged and to support the verdict rendered.

After careful consideration of all assignments of error presented by defendant for consideration on this appeal, we find

No error.