STATE v. ROBERT (Bob) KEY.

(Filed 16 April, 1958)

**1. Bastards § 6—**

The evidence in this prosecution of defendant for willful failure to provide support for his illegitimate child *is held* sufficient to take the case to the jury, and testimony of the mother of the prosecutrix was admissible for the purpose of corroboration.

**2. Bastards § 7—**

In this prosecution of defendant for willful failure to support his illegitimate child, an instruction that the jury might take judicial notice that the normal period of gestation is seven, eight, nine, nine and one-half, or ten months, *is held* not prejudicial in view of the evidence in this case.

APPEAL by defendant from *Craven, S. J.,* December 1957 Term, WILKES SUPERIOR COURT.

Criminal prosecution upon a bill of indictment charging the defendant with the unlawful and willful failure to provide support for his illegitimate child.

The prosecuting witness testified the defendant came to the school where she was a pupil, called for her about one o'clock in the afternoon. She left with him in his pickup truck. During the hour she was out he had intercourse with her, as a result of which she became pregnant; and that she never had intercourse with any other person. She first stated the act took place November 1, 1956, then changed to November 1, 1955. She later stated the act took place *in November, 1955.* The child was born August 22, 1956. On the date of the trial, 1957, the prosecutrix was 18 years of age—the defendant a married man with two children. There was evidence that demand had been made of the defendant to support the child and that the demand had been refused.

The defendant testified in his own behalf. He denied having inter-

course with the prosecutrix. However, he admitted that he gave her a wrist watch for Christmas, 1955, and that he furnished some provisions for the family at that time. A boy 15 years of age testified that in November, 1955, he saw the driver of the school bus in the act of intercourse with the prosecutrix. Corroborating evidence was offered both by the State and the defendant. From a verdict of guilty and judgment thereon, the defendant appealed.

*George B. Patton, Attorney General, Claude L. Love, Assistant Attorney General, for the State.*
*Julius A. Rousseau, Jr., H. J. Whicker, Sr., for defendant, appellant.*

HIGGINS, J. The evidence made out a case for the jury. Motions for a directed verdict were properly denied. The evidence of the mother of the prosecuting witness was admissible for purpose of corroboration.

The defendant's assignment of error No. 10 involves the following part of the court's charge:

> "If you find from the evidence and beyond a reasonable doubt that Robert Key had sexual intercourse with this girl, . . . about the first of November, or thereabouts, and within a reasonable period of gestation, that is, within approximately seven, eight, or nine months and nine and a half or ten months prior to the birth of the baby (which period of time the members of the jury and the court can judicially notice is the normal period of gestation), . . . find that he was the father of the child and that no other person was, (it, of course, being impossible for two men to be the father of the same child) and if you further find that being the father of the child that he subsequently, . . . failed and refused to provide adequate support and gave only $5.00 or some such amount, then I charge you it would be your duty, if you find all of those to be the facts, to return a verdict of guilty as charged.
>
> "If, however, you find that he was not the father of the child, or if upon considering all the evidence you have a reasonable doubt as to whether he was the father of the child, it would be your duty to give him the benefit of that doubt; and . . . return a verdict of acquittal or not guilty; or . . . if you find that he is the father of the child, but . . . did not willfully, intentionally, refuse to support the child, then, likewise, it would be your duty, giving him the benefit of the doubt, to return a verdict of acquittal or not guilty."

The defendant especially objects to that part of the charge which states in substance that the court and jury may judicially notice that the normal period of gestation is seven, eight, nine, nine and one-half,

or ten months. In support of the objection, the defendant cites the case of *State v. Forte,* 222 N.C. 537, 23 S.E. 2d 842; "And it is a matter of common knowledge that the term of pregnancy is ten lunar months, or 280 days."

The evidence is to the effect the defendant had intercourse with the prosecutrix one time. She fixed the date of this act as November 1, 1956, immediately changed to November 1, 1955, and, another time in her testimony said the act occurred in November, 1955. She testified that was her only act of intercourse with any person. The defendant testified that he never, at any time, had intercourse with the prosecuting witness.

The jury resolved the sharply conflicting evidence against the defendant. No doubt, his admission on cross-examination weighed heavily against him and induced the jury to find for the State. So unusual it is for a married man to go to the home of a 16-year-old girl whom he had seen only twice before to present her a wrist watch as a Christmas present that the jury failed to believe his story.

In view of the evidence in the case, the court's charge is not deemed prejudicial. The record fails to disclose any valid reason why the verdict and judgment should be disturbed.

No Error.