STATE v. JAMES EDWARD WADE.

(Filed 24 March, 1965.)

**Parent and Child § 1;    Bastards § 5—**

> While a married woman may testify as to illicit sexual relations during coverture in an action directly involving the parentage of her child, she may not testify as to nonaccess of the husband when such testimony tends to basterdize her child begotten or born during the existence of the marriage.

APPEAL by defendant from *Parker, J.,* November 1964 Criminal Session of WAYNE.

Prosecution upon a warrant charging defendant with violating G.S. 49-2 by unlawfully and wilfully neglecting to support and maintain his illegitimate son, James Ray Vernatte, and that Peggy Jean Vernatte is the mother of said illegitimate child. The date of wilful nonsupport is not alleged in the warrant, though it does allege the illegitimate child was born within three years prior to the date the warrant was sworn out, which was on 17 April 1964.

Plea: Not guilty. Verdict: Guilty as charged.

From judgment imposed defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*John S. Peacock and Joseph H. Davis for defendant appellant.*

PER CURIAM. The State offered in evidence the testimony of one witness, Peggy Jean Vernatte. She testified without objection as follows in substance: She is married to Jesse Willard Vernatte. She met defendant in 1962. She became pregnant by defendant in June or July 1963, which resulted in her giving birth to James Ray Vernatte on 13 March 1964. Defendant is his father. She asked him to support his son, which he refused to do, and she took out a warrant against him.

For the purpose of showing nonaccess of her husband when the child was begotten, the State was permitted, over defendant's objections, to have Peggy Jean Vernatte to testify to the effect that she and her husband separated on 9 July 1961 in Jacksonville, Florida, and she has not seen him since. The defendant excepted to the admission of this evidence, and assigns its admission as error.

The rule is firmly settled in this jurisdiction that neither the husband nor the wife is competent to testify as to the nonaccess of the husband in a bastardy or other proceeding, where such testimony tends to bastardize a child of the wife either begotten or born during the existence of the marriage. The evidence of nonaccess, if there be such, must come from third persons. *S. v. Aldridge,* 254 N.C. 297, 118 S.E. 2d 766; *S. v. Campo,* 233 N.C. 79, 62 S.E. 2d 500; *S. v. Bowman,* 231 N.C. 51, 55, S.E. 2d 789; *S. v. Bowman,* 230 N.C. 203, 52 S.E. 2d 345; *Ray v. Ray,* 219 N.C. 217, 13 S.E. 2d 224; *Boykin v. Boykin,* 70 N.C. 262, 16 Am. Rep. 776; *S. v. Wilson,* 32 N.C. 131; *S. v. Pettaway,* 10 N.C. 623. Therefore, the court committed error in receiving the evidence given by Peggy Jean Vernatte.

In *Ray v. Ray, supra,* the Court, speaking of the competency of a married woman to testify as to the paternity of her child born in wed-

lock, had this to say: "The wife is not a competent witness to prove the nonaccess of the husband. * * * However, she is permitted to testify as to the illicit relations in actions directly involving the parentage of the child, for in such cases, proof thereof frequently would be an impossibility except through the testimony of the woman."

For error in the admission of prejudicial evidence, defendant is entitled to a new trial. *S. v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777. The Attorney General with his customary fairness confesses error.

The solicitor should move in the superior court to amend the warrant so as to allege the date of the offense charged.

New trial.