STATE OF NORTH CAROLINA v. BOBBY GRAY HICKMAN

No. 7021SC342

(Filed 24 June 1970)

**1. Parent and Child § 1— presumption that child is legitimate child of the marriage**

It is presumed that a child born in wedlock is the legitimate child of that marriage unless it is shown that the husband could not have had access to the spouse at a time when the child could have been conceived or that the husband was impotent or that other circumstances would prevent the husband from being the father of the child.

**2. Bastards § 5— nonsupport — prosecution — competency of evidence of gestation period**

Defendant in nonsupport prosecution may not complain that trial court excluded medical evidence and other testimony tending to show a different gestation period of the mother, where defendant himself admitted that he had dated the mother at a time of possible conception and that he knew the mother was pregnant when he married her.

APPEAL by defendant from *Exum, J.,* 2 February 1970 Schedule "B" Three-Week Session, FORSYTH Criminal Superior Court.

Defendant was charged with the willful nonsupport of a child, Heather Robin Hickman, born 4 November 1968. The State's evidence tends to show that the prosecutrix, Joan Hickman (Joan), first dated the defendant in June 1967. In August of 1967, Joan moved to Alaska with her mother, sister and brother. While in Alaska, Joan dated an airman, Clayton Burton. She returned to Winston-Salem on 14 March 1968. She stated that she saw the defendant, Bobby Hickman (Hickman), the next day. She testified that she had sexual relations with him at that time and that she had not had sexual relations with anyone prior to that time.

Joan, when she thought she might be pregnant, went to see a Dr. Petty, using the name Mrs. Joan Burton. She told Hickman

that she was pregnant, and they were married on 25 April 1968. The child was born 4 November 1968 and weighed 7 lbs. 12 oz. The defendant has never supported the child. His defense is lack of paternity.

Hickman testified that he had not engaged in sexual intercourse with Joan on 15 March 1968 and that she had said that the child was Clayton Burton's. This testimony was stricken upon motion of the solicitor. Medical testimony offered by the defendant that the baby was a "term" baby and a purported statement of Joan that her last menstrual period had been 1 February 1968 were also stricken.

The defendant was found guilty of nonsupport and was sentenced to a prison term of 6 months, suspended upon condition that Hickman (1) pay costs of court and (2) pay $13.00 a week support for the child. Hickman appeals, assigning as error the exclusion of testimony offered in his defense and errors in the charge of the trial judge.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*Wilson, Morrow and Boyles by John F. Morrow for defendant appellant.*

CAMPBELL, J.

[1, 2]   It is presumed that a child born in wedlock is the legitimate child of that marriage unless it is shown that the husband could not have had access to the spouse at a time when the child could have been conceived or that the husband was impotent or that other circumstances would prevent the husband from being the father of the child. See *State v. Key,* 248 N.C. 246, 102 S.E. 2d 844 (1958). Hickman admitted that he dated Joan on 15 March 1968 and that he knew she was pregnant when he married her. It would be anomalous for him to try to prove after that admission that he, in effect, did not have access. As has been succinctly said under those circumstances, he "takes whatever is in the gum." He may not complain that medical evidence and other testimony tending to show a different gestation period was excluded. His assignments of error in this regard are without merit.

The defendant also challenges the charge of the trial judge as follows:

" '. . . under the law, when a child is born in wedlock, that

is, when a child is born during the marriage of the mother, the law presumes that this child is the child of the husband of the mother at the time the child was born. Now, this presumption of legitimacy of the child cannot be rebutted except by evidence tending to show that the husband could not have access to the mother during the period of time which the law recognizes as the period of time that the child could have been conceived. This period of time which the law recognizes as the period of time during which the child could have been conceived is a period of time sometimes referred to in the law as the normal period of gestation, and this period may be anywhere from seven, eight, or nine or nine and a half, or ten months from the date of the birth of the child, and the only way the presumption of legitimacy of the child born during the marriage of the man and wife may be rebutted is by evidence tending to show that the husband could not have had access to the wife during the period of time that I have referred to.' "

This assignment of error is without merit. *State v. Snyder,* 3 N.C. App. 114, 164 S.E. 2d 42 (1968).

We find in law

No error.

PARKER and VAUGHN, JJ., concur.