KENNETH B. WRIGHT, BTH/GAL, NANCY WRIGHT v. WENDELL T. GANN AND CHARLES EDWIN WRIGHT

No. 7517DC353

(Filed 17 September 1975)

1. **Bastards § 10; Parent and Child § 7— illegitimate child — married woman — duty to support**

    When a married woman has an illegitimate child, the father of the child, not the woman's husband, has the duty to support the child.

2. **Bastards § 10— action to establish paternity — child born to married woman**

    In the statute establishing a civil action to determine the paternity of an illegitimate child, G.S. 49-14, the phrase "out of wedlock" refers to the status of the child and not to the status of the mother; therefore, the statute is applicable to a child born to a married woman as well as to a child born to a single woman.

3. **Bastards § 10; Evidence § 51; Parent and Child § 1— paternity action — married woman — blood grouping tests**

    In an action to establish paternity, the results of blood grouping tests were admissible to rebut the presumption of legitimacy of a child born while the mother was married.

4. **Bastards § 10; Parent and Child § 1— paternity — evidence of nonaccess**

    Evidence of nonaccess to the wife is admissible to rebut the presumption of legitimacy of children born during marriage if the evidence is from third parties, but the husband and wife may not testify to nonaccess.

5. **Bastards § 10; Parent and Child § 1 —paternity action — divorce based on separation — wife's testimony — harmless error**

In an action to establish the paternity of a child born while the mother was married, the trial court erred in permitting the mother to testify that she obtained a divorce from her husband on the ground of separation because this constituted evidence of nonaccess by the wife; however, such error was harmless beyond a reasonable doubt since plaintiff did not attempt to prove the husband was not the father by proof of nonaccess but by blood tests, defendant's own testimony revealed he had sexual relations with the mother, and the court charged the jury that the judgment in the divorce action could not be viewed as evidence of nonaccess.

6. **Bastards § 10— paternity action — blood tests — instructions**

In an action to establish the paternity of a child born during marriage of the mother, the trial court did not express an opinion in its instructions that blood test evidence conclusively established that the husband of the child's mother could not have been the child's father.

APPEAL by defendant from *Clark, Judge.* Judgment entered 16 January 1975 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 27 August 1975.

Action was instituted by plaintiff through his next friend, and mother, Nancy Wright, under G.S. 49-14, to establish paternity and to obtain support. Plaintiff alleged that the defendant Gann was his father. Defendant denied paternity and alleged that the plaintiff was born while Nancy Wright was married to Charles Edwin Wright and moved that Wright be joined as defendant. His motion was granted.

Dr. H. C. Lennon appeared as a witness for plaintiff and testified that he had administered blood grouping tests to plaintiff, to defendants and to plaintiff's mother Nancy Wright. The blood tests established that defendant Wright could not have been plaintiff's father. The blood tests did not establish that defendant Gann could not be plaintiff's father.

Plaintiff presented additional evidence showing that the mother, Nancy Wright, had been separated from her husband, and that she had sexual relations with the defendant Gann during this period. The defendant admitted having sexual relations with Nancy Wright but denied having sexual relations during the period plaintiff was conceived.

The jury found the defendant Gann to be the plaintiff's father and the court entered judgment holding the defendant Wendell T. Gann liable for child support.

The defendant appealed to this Court.

*Gwyn, Gwyn and Morgan, by Allen H. Gwyn, for plaintiff appellee.*

*Bethea, Robinson, Moore and Sands, by Norwood E. Robinson, and Price, Osborne and Johnson, by D. Floyd Osborne, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant contends that plaintiff's action cannot be maintained under G.S. 49-14 because the statute applies only to children born to single women. He argues that the statute is not applicable because Mrs. Wright was married at the time of conception and birth of the plaintiff, and therefore plaintiff was not born "out of wedlock" within the meaning of the statute.

If the defendant's construction of the statute is adopted, an illegitimate child of a married woman would not be entitled to support because the child would be precluded from asserting his right to support against the father and the law imposes no duty to support the illegitimate child on the husband. This position is untenable.

[1] The father of an illegitimate child has a legal duty to support his child. G.S. 49-2. Where a married woman has an illegitimate child, the father has the duty to support his child and not the woman's husband. *State v. Wade,* 264 N.C. 144, 141 S.E. 2d 34 (1965) ; *State v. Ray,* 195 N.C. 628, 143 S.E. 216 (1928).

[2] North Carolina does not impose upon a husband the burden of supporting another man's offspring. The legislature, by enacting G.S. 49-14, intended to establish a means of support for illegitimate children. Statutory construction should seek to accomplish that purpose and not frustrate legislative intent. We interpret the phrase "out of wedlock" in the statute as referring to the status of the child and not to the status of the mother.

Other jurisdictions with similar statutes apply their statutes to married women. *See Martin v. Lane,* 57 Misc. 2d 4, 291 N.Y.S. 2d 135 (Duchess County Family Ct. 1968) ; *B. v. O.,* 50 N.J. 93, 232 A. 2d 401 (1967) ; *Pursley v. Hisch,* 119 Ind. App. 232, 85 N.E. 2d 270 (1948) ; *State v. Coliton,* 73 N.D. 582, 17 N.W. 2d 546 (1945).

G.S. 49-14 is applicable to all illegitimate children and therefore does not preclude an illegitimate child of a married woman from instituting suit for support.

[3] Defendant next contends that the trial court erred in allowing the testimony as to the results of the blood test. Defendant's contention is without merit. Children born in wedlock are presumed legitimate; however, the presumption is rebuttable. *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968); *State v. Hickman*, 8 N.C. App. 583, 174 S.E. 2d 609 (1970). Evidence of the results of blood grouping tests are admissible to rebut this presumption. *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972); G.S. 8-50.1.

Testimony by Nancy Wright that she obtained a divorce from Charles Wright on grounds of separation, and records of that divorce action, were introduced into evidence. Defendant assigns error to the admission of this evidence as being evidence of nonaccess by the wife. He correctly argues that any evidence of nonaccess must come from third parties.

[4] Evidence of nonaccess to the wife is admissible to rebut the presumption of legitimacy of children born during marriage if the evidence is from third parties. The husband and the wife may not testify to nonaccess. *Ray v. Ray*, 219 N.C. 217, 13 S.E. 2d 224 (1941); *State v. Wade, supra; Eubanks v. Eubanks, supra.*

[5] The trial court should not have admitted any part of Mrs. Wright's evidence tending to show nonaccess, but we are unable to see any prejudice to defendant, Gann. The error was harmless beyond a reasonable doubt.

Plaintiff did not attempt to prove Wright was not the father by proof of nonaccess, but rather by the blood tests. Results of the blood tests furnished strong evidence to rebut the presumption of legitimacy of a child born during coverture. Defendant's own testimony established that he was having sexual relations with Mrs. Wright. Moreover, the court specifically charged the jury that the judgment in the divorce action could not be viewed as evidence of nonaccess. We fail to see how the evidence complained of could have affected the outcome of the trial.

[6] Finally, defendant assigns error to the trial judge's instructions to the jury regarding the evidentiary value of the blood test. Defendant argues that the court, in its charge to the jury, expressed the view that the blood test evidence conclusively established that Charles Wright could not have been plaintiff's father. We do not agree.

When the charge to the jury is considered contextually, it is evident that the trial court directed that the blood tests were to be considered with all the other evidence. The trial judge explained the presumption of legitimacy pertaining to all children born in wedlock. He then explained that the presumption was not conclusive and could be rebutted. Finally, the trial judge stated that it was necessary for the jury to find that the blood test proved beyond a reasonable doubt that Charles Wright was not the father of the plaintiff in order to rebut the presumption of legitimacy.

Defendant has additional assignments of error which we have considered and find to be without merit.

We find no prejudicial error in the trial.

No error.

Chief Judge BROCK and Judge PARKER concur.