STATE OF NORTH CAROLINA v. DAVID RAY WHITE

No. 794SC210

(Filed 17 July 1979)

**Parent and Child § 1.1— child born during marriage—access by husband and another—presumption that husband is child's father**

In a prosecution for abandonment and nonsupport of a child born during defendant's marriage to the child's mother, defendant was conclusively presumed to be the father of the child where the evidence showed that defendant had access to the child's mother up to 265 days before birth of the child, which is within the normal period of gestation of 7 to 10 months; the mother lived in adultery with another for a period of several months beginning 262 days before the birth of the child; and defendant offered no evidence that he could not be the father of the child.

Judge CARLTON dissenting.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 5 December 1978 in Superior Court, JONES County. Heard in the Court of Appeals 24 May 1979.

Defendant was convicted as charged of abandonment and nonsupport of his child born of his marriage with Dawn White.

At trial the wife, Dawn White, for the State, testified that she married defendant in January 1976; that she separated from him on 12 August 1977 and went to the home of a friend for three days; that on 15 August she went to Asheville to live with Carl Pinnley and they had sexual relations.

The child was born on 4 May 1978, 265 days after her separation from defendant.

Defendant offered evidence tending to show that Carl Pinnley had written love letters to Dawn White after she was married; that he had sexual relations with her beginning in August 1977, when she stayed with him in Asheville; and that he visited her several times after she returned to New Bern.

Defendant appeals from the judgment imposing a prison term of 6 months suspended upon support payments of $25 per week and court costs.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick for the State.*

*Ward and Smith by Thomas E. Harris for defendant appellant.*

CLARK, Judge.

If the husband has access to his wife up to 265 days before birth of the child and the wife thereafter lives in adultery for a period of several months beginning 262 days before birth, is the husband conclusively presumed to be the father of the child?

The trial court answered this question in the affirmative by charging in pertinent part that the "normal period of gestation . . . . [m]ay be anywhere from seven, eight, nine, nine and a half or ten months from the date of birth of the child, and the only way the assumption of legitimacy may be rebutted is by evidence

tending to show the husband could not have had access to the wife during the period of time referred to."

Did the court err in so instructing the jury? We have found the law in North Carolina somewhat confusing, both on the question of the period of gestation and the presumption of legitimacy.

Judicial notice that the normal period of gestation is between seven to ten months was first recognized in *State v. Key*, 248 N.C. 246, 102 S.E. 2d 844 (1958), and followed in *State v. Hickman*, 8 N.C. App. 583, 174 S.E. 2d 609, *cert. denied*, 277 N.C. 115 (1970); and *State v. Snyder*, 3 N.C. App. 114, 164 S.E. 2d 42 (1968). Other cases support the presumption that the child was conceived 280 days, or ten lunar months, prior to the date of birth. *Mackie v. Mackie*, 230 N.C. 152, 52 S.E. 2d 352 (1949); *State v. Bryant*, 228 N.C. 641, 46 S.E. 2d 847 (1948); *State v. Forte*, 222 N.C. 537, 23 S.E. 2d 842 (1943). In *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968), the court commented that protracted pregnancies of more than 280 days, while uncommon, are not considered extraordinary. In *Searcy v. Justice*, 20 N.C. App. 559, 562, 202 S.E. 2d 314, 316, *cert. denied*, 285 N.C. 235, 204 S.E. 2d 25 (1974), quoting 3 Lee, N.C. Family Law, § 250 at 191-92 (1963), the court stated: " 'There is neither medical nor legal agreement as to the period of gestation in human beings.' "

The presumption that the child was lawfully begotten in wedlock is conclusive if there were access. *Eubanks v. Eubanks*, *supra*; *Ray v. Ray*, 219 N.C. 217, 13 S.E. 2d 224 (1941). *See Bailey v. Matthews*, 36 N.C. App. 316, 244 S.E. 2d 191 (1978). In *State v. Greene*, 210 N.C. 162, 163, 185 S.E. 670, 671 (1936), the court stated: "The ancient rule of the common law that if the husband was within the four seas no proof of nonaccess was admissible . . . has been modified in this State only to the extent that the presumption of legitimacy may be rebutted by evidence tending to show the husband could not have had access or was impotent. (Citations omitted)."

The modern doctrine is stated in *State v. Hickman*, 8 N.C. App. 583, 584, 174 S.E. 2d 609, 610, *cert. denied*, 277 N.C. 115 (1970), as follows:

"It is presumed that a child born in wedlock is the legitimate child of that marriage unless it is shown that the

husband could not have had access to the spouse at a time when the child could have been conceived or that the husband was impotent or that other circumstances would prevent the husband from being the father of the child." *See* 10 C.J.S. *Bastards* § 3b. (1938).

It is unclear whether this modern doctrine has been accepted, *in toto*, by the North Carolina Supreme Court. In *Eubanks v. Eubanks, supra*, decided in 1968, the court stated that the presumption of legitimacy was *conclusive* if there were access by the husband. But in light of *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *reversed*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977), such conclusive presumption may place an unconstitutional burden on a defendant in a criminal case where paternity is an issue.

In the case before us the uncontradicted evidence established that defendant-husband had access to the spouse (prosecuting witness) at a time when the child could have been conceived, and there was no evidence that defendant-husband was impotent or that there were other circumstances which prevented him from being the father of the child. Though the State's evidence also established that the mother lived in open adultery for several months with Carl Pinnley beginning 262 days before birth of the child, if we rely on *State v. Key, supra*, and take judicial notice that the normal period of gestation is 7 to 10 months, then both defendant and Carl Pinnley had access to the mother when the child could have been conceived, and either could have been the father; but the defendant is conclusively presumed to be the father of the child since he failed to offer evidence that he could not be the father.

In view of the failure of the defendant to offer evidence that he could not be the father of the child, we do not find the instructions of the trial court erroneous. If in the case *sub judice*, the defendant offered evidence of impotency or a blood test which revealed that he could not be the father of the child (G.S. 8-50.1 and G.S. 49-7), then the instructions to the jury would have been erroneous. Though the original firm and conclusive presumption has been modified by the so-called modern rule, apparently accepted in this State, the presumption is still a strong one. Perhaps the modern rules should be further modified in light of

technological advances in genetics and blood-typing and because the presumption places a heavy, perhaps unreasonable, burden on the defendant-husband in a criminal case.

No error.

Judge VAUGHN concurs.

Judge CARLTON dissents.

Judge CARLTON dissenting.

I agree with the majority's enunciation of current North Carolina law with respect to the crime of abandonment and non-support. Prevailing decisions in this jurisdiction require the defendant to show that he did not have access to the spouse at a time when the child could have been conceived, or that he was impotent, or that other circumstances would prevent him from being the father of the child, in order to rebut the presumption of legitimacy. It seems to me, however, that these rules contravene the principles established in *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970); *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975); *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *reversed*, 432 U.S. 233, 53 L.Ed. 2d 306, 97 S.Ct. 2339 (1977). I think that an application of the principles established by those cases to the case at bar would require a holding here that the North Carolina rule does not comport with the requirement of the Due Process Clause of the Fourteenth Amendment that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged.

I also agree with the majority that some confusion exists from the decisions in this jurisdiction, both on the question of the period of gestation and the presumption of legitimacy. I suspect that this results in large part from our courts' application of rules established in civil cases to criminal proceedings. The question of parenthood is clearly a ripe area for this kind of confusion. This is an obvious and serious danger. There are vast differences between the consequences to defendants in civil actions and those in criminal actions.

For these reasons, I respectfully dissent.