IN THE MATTER OF: THE LEGITIMATION OF STANLEY LOCKLEAR BY
EARL JONES

No. 8316SC274

(Filed 21 February 1984)

**Bastards § 11— jurisdiction of superior court to legitimate a child born to a married woman**

    The clerk of superior court does not have jurisdiction pursuant to G.S. 49-10 to enter an order legitimizing a child born to a married woman. G.S. 49-14.

APPEAL by petitioner from *Herring, Judge.* Order entered 10 January 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 9 February 1984.

This is a special proceeding instituted pursuant to the provisions of N.C. Gen. Stat. Sec. 49-10, by petitioner, Earl Jones, to legitimate Stanley Locklear. In his petition Mr. Jones alleges:

4. Burline Locklear, at the time of her death, was married to James O. Locklear and further that James O. Locklear is listed in the Certificate of Birth of the said minor child as the father.

6. Burline Locklear and her husband James O. Locklear had continuosly [sic] lived separate and apart from each other since the year of 1960, and had not resumed their marital relationship at the time of her death.

7. Earl Jones and Burline Locklear, the deceased mother of Stanley Locklear, have lived in cohabitation with each other since the year of 1960 and at the time of the conception and birth of Stanley Locklear, until her death.

8. Earl Jones is the natural father of the aforenamed minor child and acknowledges paternity of the said minor child which is further evidenced by affidavit which is attached hereto and incorporate herein by reference.

. . .

10. Petitioner and Burline Locklear were not married to each other at the time of the said minor child's conception or birth, nor did they marry each other thereafter.

On 26 January 1982 the Clerk of Superior Court declared that the "Clerk of Superior Court is without jurisdiction to hear this matter . . ." and dismissed the petition. Petitioner appealed to Superior Court, which on 10 January 1983 entered an order affirming the Clerk of Superior Court's action in dismissing the petition.

Petitioner appealed to this Court.

*Lumbee River Legal Services, Inc., by William L. Davis, for petitioner, appellant.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

HEDRICK, Judge.

Petitioner's one assignment of error raises only the question whether the Clerk of Superior Court has jurisdiction pursuant to N.C. Gen. Stat. Sec. 49-10 to enter an order legitimating a child born to a married woman.

N.C. Gen. Stat. Sec. 49-10 in pertinent part provides:

Legitimation.— The putative father of any child *born out of wedlock*, whether such father resides in North Carolina or not, may apply by a verified written petition, filed in a special proceeding in the superior court of the county in which the putative father resides . . . praying that such child be declared legitimate. The mother, if living, and the child shall be necessary parties to the proceeding. . . . If it appears to the court that the petitioner is the father of the child, the court may thereupon declare and pronounce the child legitimated. . . .

(Emphasis added.)

It is clear that the Clerk of Superior Court is without authority pursuant to N.C. Gen. Stat. Sec. 49-10 to enter an order legitimating an already-legitimate child.

We are cited by petitioner to *Wright v. Gann*, 27 N.C. App. 45, 217 S.E. 2d 761, *cert. denied*, 288 N.C. 513, 219 S.E. 2d 348 (1975), wherein this Court construed the phrase "out of wedlock" as used in N.C. Gen. Stat. Sec. 49-14. Suffice it to say that neither case nor statute has application in the present case.

Affirmed.

Judges HILL and EAGLES concur.