RONALD W. DORTON v. BARBARA S. DORTON

No. 8319DC853

(Filed 7 August 1984)

**Divorce and Alimony § 24— paternity previously established—blood tests improperly ordered**

 The trial court erred in ordering that defendant and her two children submit to blood grouping tests for the purpose of determining whether plaintiff was the father of the children, since plaintiff, by his own verified complaint filed thirteen years ago, alleged that the children were born of his marriage to defendant; defendant admitted plaintiff's parentage allegation so that there was no issue with regard thereto; that plaintiff was the father of the children was judicially determined by a child custody and support order entered thirteen years ago; and by complying with the terms of several orders based on plaintiff's paternity and otherwise acknowledging his paternity both directly and indirectly for many years, plaintiff was estopped to contend otherwise.

APPEAL by defendant from *Warren, Judge.* Order entered 9 June 1983 in District Court, CABARRUS County. Heard in the Court of Appeals 8 May 1984.

Plaintiff filed this suit for absolute divorce in June, 1971, alleging that two children, Jeffrey Dale Dorton and Dawn Michelle Dorton, were born of the marriage. By her answer the defendant admitted all of the allegations in the complaint and, after further alleging her fitness to look after the children and plaintiff's ability to support them, asked the court to place the children in her custody and require plaintiff to contribute to their support. In July, 1971, the divorce was granted and an order entered giving defendant custody of the two children and requiring plaintiff to pay $70 a month for their support. In December, 1972, by appropriate order, the support payments were increased to $100 a month and plaintiff was also directed to maintain insurance for the children's hospital and medical expenses. In June, 1982, alleging that the children's expenses and plaintiff's earnings had both increased substantially during the preceding ten years, defendant moved that the support payments be increased also. In September, 1982, defendant further moved that plaintiff be adjudged in contempt of court for being $425 behind in his support payments and for failing to maintain medical and hospital insurance for the children. At that time a $2,248 hospital bill for one of the children was outstanding and neither plaintiff nor his

carrier was taking any steps to pay it. Following a hearing on the two motions, an order was filed 17 December 1982. It found that plaintiff's insurance did cover the child's hospital bill or most of it, directed him to pay any part of the bill that his insurance company did not pay, and required him to thereafter pay $275 a month toward the children's support. Plaintiff gave notice of appeal from that order, but the appeal was not perfected.

On 7 February 1983 plaintiff moved that an order be issued requiring defendant and the two children to submit to blood grouping tests for the purpose of determining the paternity of the two children. In support of the motion plaintiff contended therein that blood grouping tests made when this suit was filed twelve years earlier, and which showed that plaintiff could be the children's father, had been replaced by tests that are more accurate and reliable. Pursuant to this motion an order was entered on 9 June 1983 directing defendant and the two children to submit to blood grouping tests for the purpose of determining whether plaintiff is the father of either of said children. The appeal now before us is from this order.

*Irvin, Irvin & Pickett, by R. Wayne Pickett, for plaintiff appellee.*

*Williams, Boger, Grady, Davis and Tuttle, by John R. Boger, Jr., for defendant appellant.*

PHILLIPS, Judge.

The court had no authority to issue the order appealed from and it is hereby reversed and set aside. G.S. 8-50.1 authorizes judges to order blood grouping tests only in cases "in which the question of parentage arises." The parentage of the two children involved in this case is no longer an open question. It was long since set at rest in more ways than one. In the first place, by his own verified complaint filed thirteen years ago, plaintiff alleged that the two children were born of his marriage to the defendant. This allegation having been neither withdrawn, amended, nor otherwise altered, it is conclusive of the facts alleged and he is bound thereby. *Universal C.I.T. Credit Corp. v. Saunders*, 235 N.C. 369, 70 S.E. 2d 176 (1952). In the second place, since defendant admitted plaintiff's parentage allegation, it is fundamental

---

that no issue with respect thereto can arise and evidence relating thereto is irrelevant, because it can serve no proper purpose in the litigation. *Wilson v. Chandler*, 235 N.C. 373, 70 S.E. 2d 179 (1952). In the third place, that the plaintiff is the father of these two children was judicially determined by the order entered on 27 July 1971 and this part of the order having been neither attacked nor modified, it is *res judicata* as to the contention raised by plaintiff's motion. *Williams v. Holland*, 39 N.C. App. 141, 249 S.E. 2d 821 (1978). In the fourth place, by acceding to the terms of the several orders based on plaintiff's paternity and otherwise acknowledging both directly and indirectly for many years that he is the father of these children, plaintiff is now estopped to contend otherwise. *Withrow v. Webb*, 53 N.C. App. 67, 280 S.E. 2d 22 (1981). Finally, permitting plaintiff at this late date to disturb the stability of these children and cast a cloud on their legitimacy upon this record would be contrary to public policy.

The order appealed from is reversed.

Reversed.

Judges HEDRICK and ARNOLD concur.