CLARA H. LEWIS v. VAN J. STITT

No. 8626DC953

(Filed 2 June 1987)

**Appeal and Error § 6.8— denial of summary judgment—trial on the merits—no appeal from denial of summary judgment**

> The trial court's denial of defendant's motion for summary judgment was not reviewable where there was a final judgment rendered in a trial on the merits.

APPEAL by defendant from *Elkins, Judge.* Judgment entered 1 July 1986 in District Court, MECKLENBURG County. Heard in the Court of Appeals 4 February 1987.

*Calvin L. Brown, for plaintiff-appellee.*

*Hamel, Helms, Cannon, Hamel & Pearce, P.A., by Thomas R. Cannon and A. Elizabeth Green, for defendant-appellant.*

GREENE, Judge.

This is an action to establish paternity and receive child support. The female child for whom plaintiff seeks support was born to plaintiff out of wedlock in 1971.

Plaintiff brought this action in 1985 alleging defendant, Van Stitt, is the biological father of the child and must provide for her support. In his answer, defendant denied he was the father and further replied that plaintiff had married Richard Lewis, Jr., in 1973 and the two had legitimated the child pursuant to G.S. 49-12 and had requested the child's surname be changed to Lewis on the birth certificate pursuant to G.S. 49-13. Defendant also alleged that as a result of plaintiff's and Lewis' request the change had been made.

Defendant then filed a motion for summary judgment and attached a copy of plaintiff's and Lewis' marriage certificate and a certified copy of their affidavits regarding the child's parentage and their written request for the name change. The trial court denied defendant's motion for summary judgment. The case was heard by a jury which found defendant to be the child's father, and the trial court ordered him to pay child support. Defendant appealed from the order denying summary judgment.

Plaintiff's civil action to determine paternity is governed by G.S. 49-14, which appears under Article 3 of Chapter 49 entitled Civil Actions Regarding Illegitimate Children:

> (a) The paternity of a child born out of wedlock may be established by civil action. A certified copy of a certificate of birth of the child shall be attached to the complaint. Such establishment of paternity shall not have the effect of legitimation.

G.S. 49-14(a) (Dec. 1984).

Defendant argued at the summary judgment hearing that the child was legitimated under G.S. 49-12:

> When the mother of any child born out of wedlock and the reputed father of such child shall intermarry or shall have intermarried at any time after the birth of such child, the child shall, in all respects after such intermarriage be deemed and held to be legitimate . . . .

In addition, G.S. 49-13 provides in pertinent part:

> When a child is legitimated under the provisions of G.S. 49-12, the State Registrar of Vital Statistics shall make a new birth certificate bearing the full name of the father upon

presentation of a certified copy of the certificate of marriage of the father and mother and change the surname of the child so that it will be the same as the surname of the father.

We note first that if plaintiff's child was legitimate by virtue of G.S. 49-12, plaintiff's action under G.S. 49-14 could not be maintained. We stated in *Wright v. Gann*, 27 N.C. App. 45, 47, 217 S.E. 2d 761, 763, *cert. denied*, 288 N.C. 513, 219 S.E. 2d 348 (1975), that G.S. 49-14 establishes a means of support for illegitimate children. However, the only basis for defendant's appeal is the denial of summary judgment, and on this basis, his appeal must fail.

The Supreme Court held in *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E. 2d 254, 256 (1985), that "the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits." The trial court's denial of defendant's motion for summary judgment is not reviewable.

Affirmed.

Judges WELLS and EAGLES concur.