RICE v. RICE

[147 N.C. App. 505 (2001)]

———————————

JOHN S. RICE v. LORETTA F. RICE

No. COA00-73

(Filed 4 December 2001)

**Paternity— determined by separation agreement and divorce judgment**

A divorce order and judgment determined all issues of paternity where plaintiff admitted in his verified divorce complaint and in a separation agreement that there were three children born of the marriage; plaintiff requested and received visitation rights and obligated himself to pay child support; defendant admitted in her answer and counterclaim that the marriage produced three children; the final consent order and judgment for divorce concluded that three children had been born of the marriage; plaintiff subsequently filed a verified motion to enforce his visitation rights; and plaintiff attempted to raise the issue of paternity two and one half years after the consent order and divorce judgment.

Appeal by plaintiff from judgment entered 20 October 2000 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 18 October 2001.

*Gum & Hillier, PA, by Patrick S. McCroskey and Howard L. Gum, for plaintiff-appellant.*

*Robert E. Riddle, P.A., by Robert E. Riddle, for defendant-appellee.*

**RICE v. RICE**

[147 N.C. App. 505 (2001)]

TYSON, Judge.

John S. Rice ("plaintiff") appeals from an order granting Loretta F. Rice's ("defendant") motion for summary judgment, and denying plaintiff's motions for paternity testing, joinder of an additional party, and denial of relief pursuant to Rule 60. We affirm the trial court's order.

## I. Facts

Plaintiff and defendant were married on 5 June 1981. Three children were born during their marriage. The parties separated on 13 April 1995 and executed a separation agreement on 2 June 1995. On 18 September 1996, plaintiff filed suit seeking absolute divorce and requested incorporation of a separation agreement into the divorce judgment. Judgment of absolute divorce was entered on 13 February 1997, which incorporated the separation agreement with certain modifications by consent into the judgment.

On 23 July 1998, plaintiff filed a motion seeking to enforce his visitation rights under the consent judgment and charged defendant with contempt for refusing him visitation with the children. On 19 July 1999, plaintiff filed a motion for paternity testing.

## II. Issues

Plaintiff assigns as error the trial court's: (1) granting defendant's motion for summary judgment, (2) denying plaintiff's motion seeking DNA paternity testing, (3) refusing plaintiff's request for joinder of a third-party, (4) deciding the best interests of the children prior to adjudicating issues of paternity, and (5) granting defendant's ex-parte motion denying plaintiff's discovery requests.

## III. Summary Judgment

Plaintiff argues that the paternity of the minor children has never been judicially determined, and that the judgment of absolute divorce between plaintiff and defendant was not a final determination of the paternity of the children, which raises a disputed issue of material fact. We disagree.

"North Carolina courts have long recognized that children born during a marriage, as here, are presumed to be the product of the marriage." *Jones v. Patience*, 121 N.C. App. 434, 439, 466 S.E.2d 720, 723 (citations omitted). "The presumption of paternity is rebuttable because a man will not be required to support a child not his own;

conversely, '[t]he father of an illegitimate child has a legal duty to support his child.' " *Ambrose v. Ambrose*, 140 N.C. App. 545, 547, 536 S.E.2d 855, 857 (2000) (quoting *Wright v. Gann*, 27 N.C. App. 45, 47, 217 S.E.2d 761, 763, *cert. denied*, 288 N.C. 513, 219 S.E.2d 348 (1975) (citation omitted)).

Once the issue of paternity is judicially determined however, the parentage of children born of a marriage is no longer an open question. *Dorton v. Dorton*, 69 N.C. App. 764, 765, 318 S.E.2d 344, 346 (1984); *Withrow v. Webb*, 53 N.C. App. 67, 70, 280 S.E.2d 22, 24 (1981) (where former husband could have raised issue of paternity during divorce proceedings which included alimony, custody, and support issues, but instead admitted that a child was born of the marriage, was barred by *res judicata* from attempting to raise issues of paternity five years later); *Williams v. Holland*, 39 N.C. App. 141, 147, 249 S.E.2d 821, 825 (1978) (Defendant barred from raising paternity issues by the principle of *res judicata*. "That a judgment rendered by a court having jurisdiction to do so finding paternity to exist bars the relitigation of that issue by the parties to the original judgment is a well established rule of law in other jurisdictions. . . .")

In *Ambrose, supra*, this Court noted that a father is entitled to have blood tests administered pursuant to N.C. Gen. Stat. § 8-50.1(b1) (1994). However, when the father has acknowledged paternity in a sworn statement, he is estopped from relitigating the issue. Here, plaintiff admitted in his verified complaint for absolute divorce and the separation agreement that there were three children born of the marriage. In the separation agreement, defendant received sole care, custody and control of the children. Plaintiff requested and received visitation rights and obligated himself to pay $1,600.00 per month child support.

In defendant's answer and counterclaim, she admitted that the marriage produced three children. She also noted that the parties had agreed to two amendments to their separation agreement: (1) plaintiff's child support would be increased to $2,000.00 per month, and (2) that the separation agreement would be incorporated into the judgment for divorce "*and be made a part of the Order of this Court.*" (Emphasis supplied).

The final consent judgment and order for divorce entered 13 February 1997 concluded that three children were born of the marriage, plaintiff would pay $2,000.00 per month until the youngest child attained the age of twenty-one, and that the separation agreement be

incorporated into the judgment for divorce and be made part of the order. Plaintiff did not appeal from that judgment.

In July of 1998, plaintiff filed a verified motion to enforce his visitation rights. He stated that "[b]y the terms of the Judgment, a Separation Agreement entered into by and between the plaintiff and defendant on June 2, 1995, was . . . incorporated by reference into the Judgment." Plaintiff then requested that "the court enter an order directing the defendant to appear and show cause as to why she should not be held in contempt of this court, both civil and criminal, for her willful disobedience of the Judgment of this court."

Two and one half years after the consent order and judgment for absolute divorce, plaintiff has attempted to raise the issue of paternity. His three children are now eighteen, twelve and eleven years old. Despite plaintiff's arguments, it is illogical for the consent order and judgment to operate as *res judicata* for child support and visitation rights, and not for issues of paternity.

"In this case the father has held himself out as the father of the [children] . . . insisted on visitation rights and is certainly regarded by the [children] and the outside world as the father." *Webb*, 53 N.C. App. at 71-72, 280 S.E.2d at 26. By his own verified complaint, defendant admitted that the three children were born of the marriage. In addition, "that the plaintiff is the father of these . . . children was judicially determined by the order entered on [13 February 1997] and this part of the order having been neither attacked nor modified, it is *res judicata* as to the contention raised by plaintiff's motion." *Dorton*, 69 N.C. App. at 766, 318 S.E.2d at 346, (citing *Holland*, 39 N.C. App. 141, 249 S.E.2d 821). "Even if the principle of res judicata were not applicable . . . to grant the motion for a blood-grouping test on this record, would open the door to unwarranted challenges of paternity, violate public policy, and clearly result in irreparable harm to the child whose parents appear to be bent on harassing one another." *Webb*, 53 N.C. App. at 72, 280 S.E.2d at 26.

We hold that the divorce order and judgment, which incorporated a separation agreement, in which plaintiff and defendant admitted that three children were born of their marriage, judicially established the rights and obligations of the parties, and determined all issues of paternity. In view of our holding, it is unnecessary to consider plaintiff's other assignments of error. Additionally, although plaintiff appealed from the trial court's order denying his Rule 60 motion, he has failed to assign any error or argue any of those issues. Plaintiff's

appeal from those issues is deemed abandoned. N.C.R. App. P. 28(b)(5) (1990). The trial court's order and judgment awarding summary judgment for defendant, denial of plaintiff's motion for paternity testing, and denial of plaintiff's motion to join an additional party are affirmed.

Affirmed.

Judges MARTIN and WALKER concur.